Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

## UNITED STATE DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA KIM, individually on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TINDER, INC., a Delaware corporation; MATCH GROUP, LLC, a Delaware limited liability company; MATCH GROUP, INC., a Delaware corporation; and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No.: 2-18-cv-03093<br><br>**CLASS ACTION**<br><br>**DECLARATION OF TODD M. FRIEDMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**<br><br>Assigned to the Hon. John  F. Walter<br><br>**Date:  February 25, 2019<br>Time:  1:30 P.M.<br>Place:  Courtroom 7A<br>Judge**: Hon. John F. Walter<br><br>[Filed and Served Concurrently with Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class; [Proposed] Order] |

*The Law Offices of Todd M. Friedman, PC*
*Woodland Hills, CA 91367*

1
2

# DECLARATION OF TODD M. FRIEDMAN

**I, TODD M. FRIEDMAN, declare:**

1. I am one of the attorneys for the plaintiff in this action, Lisa Kim ("Kim" or "Plaintiff"). I am an attorney licensed to practice law in the State of California since 2001, the State of Illinois since 2002, and the State of Pennsylvania since 2011. I have been continuously licensed in California since 2001, Illinois since 2002, and Pennsylvania since 2011, and am in good standing with the California State Bar, Illinois State Bar, and Pennsylvania State Bar. I have litigated cases in both state and federal courts in California, Colorado, Florida, Ohio and Illinois.  I am also admitted in every Federal district in California and have handled federal litigation in the federal districts of California.

2. The declaration is based upon my personal knowledge, except where expressly noted otherwise.

3. I submit this declaration in support of the Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class in the action against defendants, Tinder, Inc., Match Group, LLC and Match Group, Inc.  ("Tinder" or "Defendants").

## CASE HISTORY

4. Plaintiff filed the initial class action complaint ("Complaint") on April 12, 2018. In the Complaint, Plaintiff alleged one cause of action for a  violation of the California Unruh Civil Rights Act. Based on those allegations, Plaintiffs restitution, statutory damages, as well as injunctive relief. Plaintiffs' claims were brought on behalf of a class of individuals who were over the age of 30, but did not receive a discount for the Tinder plus service based on their age.  (Dkt. No. 1.)

5. The parties filed a joint stipulation on May 3, 2018, extending Defendants' time to respond to Plaintiff's Complaint to June 11, 2018.

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
WOODLAND HILLS, CA 91367

6. Defendants filed a Motion to Compel Arbitration or in the Alternative, stay the Case on June 11, 2018. (Dkt. No. 24.)

7. Plaintiff filed a First Amended Complaint on June 22, 2018, asserting an additional cause of action under the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et. seq.* ("UCL"). Plaintiffs sought restitution and injunctive relief under this claim. (Dkt. No. 30.)

8. After extensive briefing in Defendant's Motion, This Honorable Court granted the Motion to Compel Arbitration on July 12, 2018. (Dkt. No. 44.)

9. On July 13, 2018, Plaintiff filed a notice of appeal regarding said order to the Ninth Circuit Court of Appeals. (Dkt. No. 46.)

10. During the appellate process and before full briefing on the appeal, both parties engaged in informal settlement discussions and eventually agreed to mediate this matter on a class wide basis.

11. Thereafter, the Parties engaged in informal discovery, including the exchange of documents in order to determine the size and other aspects of a proposed class-wide settlement, as well as information about the number of class members who signed arbitration agreements, and the policies and practices of Defendants.

12. On November 29, 2018 both parties attended a mediation in Los Angeles, CA with the Hon. Louis M. Meisinger (Ret.) at Signature Resolution. My office prepared a mediation brief, extensively reviewing the law and the facts, as yielded by the evidence to date, along with several pages of exhibits. Defendant submitted a similar brief. After a full day of mediation which lasted late into the evening, both parties were able to resolve this matter on a class wide basis.

13. Defendants strongly contested both the legal and factual issues in this matter, as evidenced by it Motion to Compel Arbitration, which was granted by this Honorable Court. (Dkt. No. 44.) Defendant further contested class

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
WOODLAND HILLS, CA 91367

certification on numerous grounds as well.

14. With Judge Meisinger's guidance, a Settlement Agreement and Release ("Settlement Agreement") was ultimately agreed upon in principle by the Parties. Attached hereto as Exhibit A is a true and correct copy of the Settlement Agreement.

SETTLEMENT TERMS AND CLASS DEFINITION

15. Pursuant to the Settlement Agreement (the "Agreement"), those persons in the Settlement Class (defined below) will not submit a valid claim form to receive the first part of the settlement, and for the second part of the settlement, will be required to submit a valid claim form to receive their compensation, which will be paid completely separate and apart from, attorneys' fees, costs of litigation, and any incentive payment.

16. As part of that Agreement, Defendants will deposit 50 Free Super Likes (worth $50 which each Super Like valued at its selling Price of $1) into the Tinder account of every Settlement Class Member who at that time has a Tinder account, so long as the email address associated with the account is the same when the Member purchased Tinder Plus or Tinder Gold during the Class Period. Defendants shall advise the Settlement Class Members via the Class Notice that they must have an account in place in order to receive the deposit of Super Likes. (Agreement §3.2, pp. 6-7). This benefit will go to Class Members regardless of whether they submit a claim form.

17. In addition, every Settlement Class Member, is eligible to apply for one of the following forms of additional compensation by submitting a claim form:

  (a) A check in the amount of $25, which will be mailed by the Settlement Administrator.

  (b) A deposit of 25 additional Super Likes (worth $25, with each Super Like valued at its selling price of $1) into the Member's Tinder account. This option will only be available to Members

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
WOODLAND HILLS, CA 91367

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
WOODLAND HILLS, CA 91367

who have a Tinder account at the time the deposit is made, and only if the email address associated with the account is the same as when the Member purchased Tinder Plus or Tinder Gold during the Class Period.

(c)    A one-month subscription to Tinder Plus (valued at $19.99) or Tinder Gold (valued at $29.99), depending on which of those services the Member had previously purchased, to be activated in accordance with the terms of this Agreement. This option will not be available to any Member who already has a subscription at the time of activation. A Member selecting this option who previously purchased both Tinder Plus and Tinder Gold will receive a subscription to Tinder Gold.

(Agreement §3.3).

18. By the Benefit Deadline, Tinder will implement the following change of practice: For new subscriptions to Tinder Plus or Tinder Gold purchased in California, Tinder will not charge different prices based on age, except Tinder reserves the right to offer a youth discount to subscribers age 21 or younger. Also, in the event of (i) the enactment of legislation in California subsequent to the date of this Agreement that specifically addresses age-based pricing and, reasonably interpreted, would permit age-based pricing by Tinder using other age cut-offs, (ii) the issuance subsequent to the date of this Agreement of an appellate decision by any court in California to the same effect, or (iii) the enactment of legislation in California subsequent to the date of this Agreement expressing a public policy in favor of or benefiting a particular age group, Tinder may implement age-based pricing in California consistent with such legislation or case law (Agreement §3.4)

19. The form of compensation elected in the claim form shall be mailed, deposited or activated, as applicable, by the Benefit Deadline for every

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
WOODLAND HILLS, CA 91367

Member whose claim form is determined to present a valid claim and who, for purposes of (b) or (c) above, satisfies the requirements stated above.  (Id.)

20. Defendant will also at its own separate expense, provide or pay for the settlement administrator to provide the notices to the appropriate state and federal officials as required by 28 U.S.C. § 1715, *et seq.* (Agreement §4.1).

21. The Class or Settlement Class Members refers to:

"Every California subscriber to Tinder Plus or Tinder Gold during the Class Period [1] who at the time of subscription was at least 29 years old and was charged a higher rate than younger subscribers, except those who choose to opt out of the settlement class. "

(Agreement § 2.21)

22. Plaintiffs contend that the class as so defined satisfies the requirements of Rule 23 because all persons in the Settlement Class are persons who allegedly suffered the same disparaging treatment by Defendants. The total number of Settlement Class Members is approximately 230,000.  Defendants represented that over 95% of the Class Members entered into arbitration agreements such as the one entered into by Plaintiff.  This was confirmed in informal discovery by the parties. Furthermore, Defendant has email addresses and names for Class Members, which will assist in the ability of the Administrator to reach Class Members with Notice.

23. After approval of Preliminary Approval of Settlement, the pertinent names, and email addresses of Class Members will be disclosed by Defendant to the claims administrator approved by the Court to create the Notice Database. (Agreement § 4.3)

24. The Parties propose that Epiq Class Action & Claims Solutions, Inc. ("Epiq")

---

[1] The Class Period Means the period from March 2, 2015 through the date of Preliminary Approval (Agreement § 2.6)

be appointed as claims administrator. Epiq specializes in providing administrative services in class action litigation, and has extensive experience in administering consumer protection and privacy class action settlements.

25. It is my opinion that the Class as defined satisfies the requirements of Rule 23 because all persons in the Settlement Class are subscribers of Defendant who are over the age of 29 and were all allegedly subjected to the practices complained about in Plaintiff's complaint.

26. The Settlement Class Members will be sent a direct email notice explaining they are entitled to receive settlement benefits. (Agreement § 4.4). Given the proximity in time between when Class Members were (or are) subscribers to Tinder, and when Class Notice will be disseminated via direct email to every Class Member, I believe that the requirements of due process will be satisfied, and that this notice plan is the best notice practicable under the circumstances. Providing notice by mail would be very difficult because Defendant does not have mailing address information for Class Members. That information would require subpoenas to Apple and/or Google, which would very likely be opposed vigorously for privacy reasons. Mail notice also is not necessarily any more reliable than email notice.

27. Class Members will be informed that in order to receive the second portion of the settlement as outlined in Paragraph 17 above, they must submit a valid Claim Form. Those individuals who submit a valid claim form are members of the Class and are entitled to their choice of either a monetary payment or other compensation as outlined above. Claim forms will require the provision of a valid mailing address.

28. Defendant maintains detailed information including name and email addresses, for most Settlement Class Members. As a result, it is anticipated that Class Members will be easy to reach with both Notice and payment.

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
WOODLAND HILLS, CA 91367

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
WOODLAND HILLS, CA 91367

29. The claims administrator shall establish and maintain a Settlement Website that (i) enables Class Members to submit a claim and access and download the Class Notice and Claim Form, (ii) provides contact information for Class Counsel, (iii) and provides access to relevant documents. Such documents shall include the Settlement Agreement and Class Notice, the Preliminary Settlement Approval Order, a downloadable Claim Form for anyone wanting to print a hard copy and mail in the Claim Form, a downloadable Opt Out Form for anyone wanting to print a hard copy and mail in the Opt Out Form, the Complaint, a list of frequently asked questions and answers, and when filed, the Final Settlement Approval Order. The Class Notice shall include the address (URL) of the Settlement Website. The claims administrator shall maintain the Settlement Website until at least 30 days following Final Approval of the Settlement. (Agreement § 4.5)

30. By the date required by the Court to send out notice, the claims administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement. That telephone number shall be maintained until thirty (30) days after the Claims Deadline. (Agreement § 4.3)

## ADEQUACY OF SETTLEMENT

31. Defendant shall provide class benefits of an automatic 50 Super Likes to every Class Member, as well as $25 per Class Member, a deposit if 25 additional super likes, or a one month subscription to Tinder Plus or Gold for every Class Member who submits a valid claim form. The Settlement Class Members who submit a valid Claim Form stand to receive a cash payment (or other) from the Settlement Fund in the form of a check per Approved Claim, in the amount of $25.

32. The value of the universal participation component of the Settlement is estimated at $11.5 million, which is $50 per Class Member times the approximately 230,000 Class Members.

33. The value of the cash or cash equivalent component is estimated at $5.75 million, which is $25 per Class Member times the approximately 230,000 Class Members who are eligible to participate by submitting a claim form.

34. In addition to these monetary benefits, the Class will receive the additional benefit of the injunctive relief negotiated by Plaintiff – i.e. that Defendants will revise their pricing practices to more substantially comply with California law, as described in Paragraph 18 above.  This is a change worth considerable value to Class Members, because it corrects the allegedly unlawful discriminatory pricing practices, and will result in unlawful pricing schemes being stopped, to the benefit of the Class, and consumers generally. Plaintiff estimates that the value of this relief to the Class is at least $5.75 million.

35. Thus, the Settlement reached provides an estimated $23 million in relief to Class Members.

36. The recovery of Class Members will not be impacted in any way by the costs of administering the Settlement, by any award of attorney's fees or costs of suit, or by the incentive awards sought by Plaintiffs.   Defendants have agreed to pay these amounts separately from the recovery of the Class.

37. It was very important to me in agreeing to this Settlement that the amount received by Class Members was negotiated completely separately from any discussion of attorney's fees, so that we put the interests of the Class Members first, and that Class Members received meaningful relief.  In fact, without revealing the confidential nature of mediation discussions, I can say that Plaintiff did not even discuss the treatment of attorney's fees in this action with the Mediator until after we had come to a complete and final agreement in principle with respect to the benefits that were going to be made available to the Class

38. Administration and Notice expenses will be paid for by Defendants.  Epiq

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
WOODLAND HILLS, CA 91367

has provided a quote as to the anticipated expense of Notice and Administration, which my office has shared with Defendants, and to which Defendants have not objected. A copy is attached as Exhibit B.

39. Attorneys' fees and costs to Class Counsel, will be paid for by Defendants separately from the Settlement to the Class. Defendants have agreed to pay up to $1.2 million in attorneys' fees, plus reasonable costs of suit.

40. The attorneys' fees and costs application will be prepared solely by Class Counsel, and will include a complete breakdown of all billable hours, and documented costs to The Court.

41. As Defendant maintains email address information for most of the Settlement Class Members called by Defendant, Class Notice is to be provided by email to all persons with valid email addresses.

42. Class Counsel have prepared a direct email notice, a true and correct copy of which is attached hereto as Exhibit 2 to the Settlement Agreement attached hereto as Exhibit A. Counsel also prepared a draft claim form to be provided to Class Members, which is attached as Exhibit 4 to the Settlement Agreement attached hereto as Exhibit A.

43. Defendant participated in the drafting of these notices, and has approved the form and content of the notices, which were incorporated into the Settlement Agreement by reference. Defendant also participated in the drafting of the Motion for Preliminary Approval by making minor revisions and edits, all of which were accepted. The same is true with respect to the Proposed Order submitted contemporaneously to this Motion. My understanding is that the Motion is uncontested.

44. The Class Notice adequately informs the Settlement Class Members about the settlement and their rights to opt out or object to the Settlement. I believe the proposed notice complies with any notice requirements. Epiq, the Parties' proposed claims administrator, will use the records from Defendant to send

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
WOODLAND HILLS, CA 91367

out the direct email notice within thirty (30) days of receiving said information.

45. Class Members will only be required to submit a claim in order to receive the second set of settlement benefits as illustrated in Paragraph 17 above to this Declaration.  The relief provided in Paragraph 16 and 18 above will be provided to the Class automatically whether or not they submit a claim form.

46. I am unaware of any conflict of interest between Plaintiff and any putative class member or between Plaintiff and Plaintiff's attorneys.

### RISKS OF CONTINUED LITIGATION

47. Taking into account the burdens, uncertainty and risks inherent in this litigation, Class Counsel have concluded that further prosecution of this action could be protracted, unduly burdensome, and expensive, and that it is desirable, fair, and beneficial to the class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in the Settlement Agreement.

48. The named Plaintiff and her counsel believe that the claims asserted in the action have merit. However, taking into account the risks of continued litigation, as well as the delays and uncertainties inherent in such litigation including the risks in any subsequent appeal, they believe that it is desirable that the action be fully and finally compromised, settled and terminated now with prejudice, and forever barred pursuant to the terms and conditions set forth in this Settlement Agreement. Class Counsel have concluded that with the Settlement Benefit and with the deterrent effects of the this Settlement, the terms and conditions of this Settlement Agreement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action.

49. Further based on the currant appellate posture with this case, there are clearly substantial risks regarding both merits and certification issues. Defendant's

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
WOODLAND HILLS, CA 91367

arguments raise a significant risk to the claims at issue in the case, and were given due weight in settlement discussions.

50. As such, it is my belief as class counsel that this Settlement represents an outstanding result for the Class.  The result that was achieved is highly favorable in my opinion to the Class, and was achieved without subjecting Class Members to the risks and delay associated with further litigation.

51. A settlement was finalized, agreed upon by all Parties and counsel and a formal Settlement Agreement was executed. This motion for preliminary approval of class action settlement followed, which Defendant has agreed in the Settlement Agreement not to oppose.

## CLASS COUNSEL'S EXPERIENCE

52. The Law Offices of Todd M. Friedman, P.C. seeks appointment as Class Counsel in this Action. I am informed and believe that Class Counsel are qualified and able to conduct this litigation as a class action.

53. As one of the main plaintiff litigators of consumer rights cases in the Southern of California, I have been requested to and have made regular presentations to community organizations regarding debt collection laws and consumer rights.

54. I have extensive experience prosecuting cases related to consumer issues. My firm, The Law Offices of Todd M. Friedman, P.C., in which I am a principal, has litigated over 2000 individual based consumer cases and litigated over 100 consumer class actions.  These class actions were litigated in federal courts in California, Illinois, Pennsylvania, Colorado and Florida as well as California State Courts. Approximately 100% percent of my practice concerns consumer and employment litigation in general, with approximately 100% of my class action experience involving consumer protection, personal injury and employment litigation.

55. Therefore, my experience in litigating class actions and my years in practice

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
WOODLAND HILLS, CA 91367

allow me to provide outstanding representation to the Settlement Class. I will continue to strive to fairly, responsibly, vigorously and adequately represent the putative class members in this action.

56. I have served as plaintiff's counsel in at least the following cases involving various consumer rights claims (including class actions claims):

    a.    *Vacarro v. I.C. Systems, Inc.*, 12-CV-02371-JAH-NLS (S.D. Cal.);

    b.    *Rivera v. Nuvell Credit Company LLC*, 13-CV-00164-TJH-OP (E.D. Cal);

    c.    *Dancer v. L.A. Times*, BC472154 (L.A. Superior Court);

    d.    *Couser v. Comenity Bank*, 3:12-cv-02484-MMA-BGS (S.D. Cal.);

    e.    *Stemple v. QC Financial Services Group of California, Inc.*, 3:12-cv-01997-CAB-WVG (S.D. Cal.);

    f.    *Abdejalil v. GE Capital Retail Bank*, 3:12-cv-02078-IEG-RBB (S.D. Cal.);

    g.    *Groina v. Doc Prep Solutions*, 3:12-cv-02578-BTM-BGS (S.D. Cal.);

    h.    *Alexander v. Manasseh Jordan Ministries*, 3:12-cv-02584-IEG-BLM (S.D. Cal.);

    i.    *Neuls v. Dish Network*, 1:13-cv-01181-WJM-KMT (D. CO.);

    j.    *Lecesse v. My Financial Gateway*, 3:12-cv-02375-JLS-KSC (S.D. Cal.);

    k.    *Auerbach v. Successful Education Online, LLC*, 3:12-cv-05248-JSC (N.D. Cal.);

    l.    *Raffin v. E-Choice Healthcare LLC*, 3:12-cv-02517-LAB-BLM (S.D. Cal.);

    m.    *Olney v. Job.com*, 1:12-cv-01724-LJO-GSA (E.D. Cal.);

    n.    *Couser v. Legal Shield*, 3:12-cv-02575-LAB-WVG (S.D. Cal.);

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
WOODLAND HILLS, CA 91367

o.   *Langley v. Homeward Residential*, 2:12-cv-02623-JAM-EFB (E.D. Cal.);

p.   *Hunter v. Palisades Collection*, 3:12-cv-02401-JAH-JMA (S.D. Cal.);

q.   *Couser v. Worldwide Commerce Associates, LLC*, 3:13-cv-00118-H-BGS (S.D. Cal.);

r.   *Tarizzo v. United Agencies, Inc., Et Al.*, CV12-10248 JFW (MRWx) (C.D. Cal.);

s.   *Richard Chen v. National Enterprise Systems*, 3:12-cv-05910-JCS (N.D. Cal.);

t.   *Couser v. Apria Healthcare, Inc*. 8:13-cv-00035-JVS-RNB (C.D. Cal.);

u.   *Willis, Et Al. v. Chase Retail Services, Et Al.*, CV12-10252 DMG (SHx) (C.D. Cal.);

v.   *French v. Target*, 0:13-cv-02626 (District of MN);

w.   *Williams v. Credit Management, LP*, 5:12-cv-01924-TJH-OP (C.D. Cal.);

x.   *Murdock v. Western Dental Services, Inc.*, 3:12-cv-02449-GPC-BLM (S.D. Cal.);

y.   *Senesac v. Santander*, 3:12-cv-1193-J-20JRK (M.D. FL.);

z.   *Kielbasinski v. American Publishing Co.*, 841 Civil 2012 (Somerset County, PA)

aa.  *Friedman, Et Al. v. United American Insurance Company*, 3:12-cv-02837-IEG-BGS (S.D. Cal.);

bb.  *Malis v. Saveology.com, LLC*, 2:13-cv-10013-BAF-LJM (E.D. MI.);

cc.  *Blotzer v. Vital Recovery Services, Inc.*, 3:13-cv-00119-H-JMA (S.D. Cal.);

dd.  *Friedman v. Massage Envy*, 2:13-cv-04607-JAK-FFM (C.D. Cal.);

ee.  *Labou v. Cellco Partnership, et al*, 2:13-cv-00844-MCE-EFB (S.D. Cal.);

ff.  *Pacleb v. Career Education Corporation,* 2:13-cv-03090-R-FFM (C.D. Cal.);

gg.  *McNally v. Commonwealth Financial Systems, Inc. et al,* 3:12-cv-02770-IEG-MDD (S.D. Cal.);

hh.  *Franco v. Consumer Portfolio Services, Inc.*, 3:13-cv-01364-EDL (N.D. Cal.);

ii.  *Zimmer, Jr. v. 24 Hour Fitness, et al,* NC057484 (L.A. Superior Court);

jj.  *Webb v. Healthcare Revenue Recovery Group, LLC*, 3:13-cv-00737-RS (N.D. Cal.);

kk.  *Couser v. Central Credit Services, Inc.*, 3:12-cv-02424-LAB-WMC (S.D. Cal.);

ll.  *Abdeljalil v. General Electric Capital Corporation,* 12-CV-02078-IEG-RBB (S.D. Cal.);

mm.  *Rivera v. Nuvell Credit Company et al,* 5:13-cv-00164-TJH-OP (C.D. Cal.);

nn.  *Blotzer v. Dura Medic, LLC,* 2:13-cv-00675-JAK-JCG (C.D. Cal.);

oo.  *Foote v. Credit One Bank*, 2:13-cv-00512-MWF-PLA (C.D. Cal.);

pp.  *Rodriguez v. Real Time Resolutions,* 3:13-cv-00728-JM-RBB (S.D. Cal.);

qq.  *Fox v. Asset Acceptance,* 3:13-CV-00922-DMS-BGS (S.D. Cal.);

rr.  *Couser v. Financial Recovery Services, Inc.*, 3:12-cv-02541-CAB-WVG (S.D. Cal.);

ss.  *Friedman v. LAC Basketball Club, Inc.,* 2:13-cv-00818-CBM-AN (C.D. Cal.);

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
WOODLAND HILLS, CA 91367

tt.    *Chen v. Allstate Insurance Company, et al,* 3:13-CV-00685-LB (N.D. Cal.);

uu.    *Eubank v Terminix International,* 3:15-cv-00145-WQH-JMA (S.D. Cal.);

vv.    *Rowe v Michaels Stores* 15-cv-01592-EJD (N.D. Cal.);

ww.   *Hernandez v Chevron* 56-2015-00465135-CU-NP-VTA (Ventura County SC);

xx.    *Benotmane v Midway Rent a Car* BC560969 (LASC);

yy.    *Payton v Luxe Valet* BC588462 (LASC);

zz.    *Kellet, et. al v Uber Technologies,* BC585704 (LASC); and

aaa.   *Starks v Geico Indemnity Company*, Case No. CV-15-5771-MWF (PJW);

bbb.   *Nicole Romano et. al. v. SCI Direct, Inc.* Case No. 2:17-cv-03537-ODW-JEM (C.D. Cal.);

ccc.   Nicole Romano et al v. SCI Direct, Inc. Case No. 2:18-cv-02377-ODW-JEM (C.D. Cal.);

ddd.   *Marko, et. al. v. Doordash, Inc.*, BC659841 Los Angeles Superior Court.

57. Over the past four years alone, The Law Offices of Todd M. Friedman has served as plaintiff's counsel in at least the following class action cases involving various class actions claims consumer rights claims, where a settlement was reached on a class-wide basis, and have achieved over $100,000,000 in class-wide relief for consumers:

a. *Dancer v. L.A. Times*, BC472154 (L.A. Superior Court) (common fund class-wide settlement of $3 million to $4 million granted final approval);

b. *Couser v. Comenity Bank*, 3:12-cv-02484-MMA-BGS (S.D. Cal.) ($8.475 million class-wide settlement achieved and granted final approval);

c. *Stemple v. QC Financial Services Group of California, Inc.*, 3:12-cv-01997-CAB-WVG (S.D. Cal.) (certified class achieved by motion, and subsequent class-wide settlement of $1.5 million achieved, with final approval granted);

d. *Couser v. Apria Healthcare, Inc.* 8:13-cv-00035-JVS-RNB (C.D. Cal.) (common fund class-wide settlement of $400,000 to $750,000, granted final approval);

e. *Abdeljalil v. General Electric Capital Corporation,* 12-CV-02078-IEG-RBB (S.D. Cal.) (class-wide settlement with common fund of $6.125 million achieved, preliminary approval granted, final approval pending);

f. *Fox v. Asset Acceptance,* 3:13-CV-00922-DMS-BGS (S.D. Cal.) (common fund of $1 million in class-wide relief achieved, granted final approval);

g. *Friedman v. LAC Basketball Club, Inc.,* 2:13-cv-00818-CBM-AN (C.D. Cal.) (class-wide settlement achieved and granted final approval);

h. *Gerich et. al. v. Chase Bank USA et. al.* Case No 1:12-cv-5510 (N.D. Ill.) (class-wide settlement of $34 million, granted final approval);

i. *Than Zaw v Nelnet, Inc*., Penal Code § 632 class – (Achieved class-wide settlement of $1,188,110, granted final approval of court);

j. *Medeiros v HSBC*, (common fund settlement of between $4.5 million and $6.5 million achieved, preliminary approval granted);

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
WOODLAND HILLS, CA 91367

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
WOODLAND HILLS, CA 91367

k. *Ann Fox v. Spectrum Club Holding Company et al*., Case No. 2:14-CV-06766-PSG-FFMx (class-wide settlement, preliminary approval granted);

l. *Sayan Aboudi v. T-Mobile USA, Inc.,* Case No. 3:12-cv-02169-BTM-NLS (class-wide settlement in TCPA case, with common fund of $2.5 million to $5 million, with average per class member payment of $500, final approval granted);

m. *Andrew Roseman v. BGASC, LLC, et. al.*, Case No. EDCV 15-1100-VAP (SPx) (C.D. Cal.) (class-wide relief achieved, final approval granted);

n. *Everado Gonzalez v The Scotts Company,* Case No. BC577875, Consolidated with Case No: BC570350 (LASC) (class-wide settlement of $925,000 in wage and hour class action on behalf of approximately 603 employees achieved, final approval granted);

o. *Payton v Luxe Valet*, Case No. BC588462 (LASC) (class-wide settlement in wage and hour independent contractor misclassification class action, on behalf of 1,800 employees, settled for $2.4 million, final approval granted);

p. *Shelby v Two Jinn, Inc*., Case No. 2:15-cv-03794-AB-GJS (C.D. Cal.) (EFTA class action involving no cognizable actual damages, with net worth of company of $25 million, settled for non-reversionary common fund of $457,000, despite liability under 15 U.S. Code § 1693m(a) likely being only $250,000; final approval granted, zero objections);

q. *Couser v Dish One Satellite*, Case No. 5:15-cv-02218-CBM-DTB (C.D. Cal.) (TCPA class action, final approval granted);

r. *Couser v Dish One Satellit*e, Case No. RIC 1603185 (Riverside S.C.) (Penal Code 632 class action, preliminary approval granted);

s. *De La Paz v Accurate Courier NCA LLC,* Case No. 16CV00555 (Santa Cruz County Superior Court) (PAGA and Labor Code class action, final approval granted);

t. *Ross v Zurixx LLC,* Case No. 34-2016-00190874 (Sacramento SC) (UCL, FAL and CLRA class action alleging false advertising for real estate educational courses, non-reversionary common fund settlement for over $600 per class member, final approval granted);

u. *Eubanks v Terminix International, Inc.,* Case No. 3:15-cv-00145-WQH-JMA (PAGA settlement reached in wage and hour action on behalf of pest control technicians, preliminary approval pending);

v. *Jonathan Weisberg, v. HD Supply, Inc.,* Case No. 15-cv-08248-FMO (MRWx) (class-wide settlement in TCPA class action, settled for $1.225 million, final approval granted);

w. *Miler v Pacific Auto Wash Partners,* Case No. 30-2015-00813013-CU-OE-CXC (wage and hour class action, final approval granted);

x. *Sonia Barrientos v Law Office of Jeffrey H. Jordan*, Case No. 2:15-cv-06282-JAK-GJS (FDCPA/RFDCPA letter class action, settled on class wide basis, final approval granted);

y. *Tahmasian v Midway Rent A Car*, Case No. 30-2015-00813013-CU-OE-CXC (LASC) (PAGA and Labor Code class action, final approval granted);

z. *Craig Cunningham v Lexington Law Firm,* Case No. 1:17-cv-00087-EJF (N.D. UT) (TCPA class action MDL involving solicitation prerecorded voice calls made by a third party, vicarious liability alleged, preliminary approval pending).

aa. *Sheena Raffin v Medicredit, Inc*. et. al., Case No. 2:15-cv-04912-MWF-PJW (C.D. Cal.) (Cal. Penal Code § 632.7 class action certified by Hon. George H. King Ret. under Rule 23(b)(2) and (b)(3) by contested

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
WOODLAND HILLS, CA 91367

DECLARATION OF TODD M. FRIEDMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF
SETTLEMENT CLASS                                                    PAGE 19 OF 24

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
WOODLAND HILLS, CA 91367

motion on behalf of 11,000 class members whose calls were recorded without knowledge or consent, settled for $5 million, final approval granted);

bb. *Fernandez v Reliance Home Services, Inc. Case No. BC607572 Los Angeles Superior Court (*wage and hour plus PAGA class action, Final approval granted);

cc. *In RE HP Firmware Update Litigation,* Case No. 5:16-cv-05820-EJD-SVK (N.D. Cal.) (co-lead counsel in consolidated nationwide class action for invasion of privacy, false advertising and unfair competition claims surrounding HP's firmware updates on third party ink, injunctive relief plus $1.5 million class fund, preliminary approval granted);

dd. *Anne Wolf v Hewlett Packard Company,* Case No. 5:15-cv-01221-TJH-GJS (C.D. Cal.) (CLRA class action certified by contested motion on behalf of tens of thousands of class members who purchased printer that was falsely advertised to include Smart Install feature, settled on a wider multi-state, multi-product basis, preliminary approval granted, final approval pending);

ee. *Jaylinda Girardot et al v. Bail Hotline Bail Bonds, Inc.*, Case No. FCS048335 Solano County Superior Court (wage and hour plus PAGA class action, final approval granted);

ff. *Ryoo Dental, Inc. v OCO Biomedical, Inc.*, Case No. 8:16-cv-01626-DOC-KES (TCPA fax blast class action, settled on class wide basis, final approval granted);

gg. *Wondra Curtis v The Anthem Companies, Inc.*, Case No. 8:16-cv-01654-DOC-JCG (wage and hour class action for off the clock work, settled on class wide basis, final approval granted);

hh. *Aliav v Sunset Eats, LLC,* Case No. BC655401 Los Angeles Superior Court (false advertising class action on behalf of approximately 10,000 class members, settled on class wide basis; preliminary approval pending);

ii. *Sheena Raffin v Medicredit, Inc.* et. al., Case No. 2:15-cv-04912-MWF-PJW (C.D. Cal.) (Cal. Penal Code § 632.7 class action certified by Hon. George H. King Ret. under Rule 23(b)(2) and (b)(3) by contested motion on behalf of 11,000 class members whose calls were recorded without knowledge or consent, settled for $5 million, final approval granted);

jj. *Alfred Zaklit, et. al. v. Nationstar Mortgage LLC,* Case No. 5:15-cv-02190-CAS-KK (C.D. Cal.) (Cal. Penal Code § 632.7 class action certified by contested motion under Rule 23(b)(2) and (b)(3) on behalf of over 40,000 class members whose calls were recorded without knowledge or consent, preliminary approval pending);

kk. *Mark Silva v Olson and Co. Steel* Case No. 17CV001045 Contra Costa County Superior Court (wage and hour class action settled on behalf of 563 class members, preliminary approval pending); and

ll. *Richards v CoreCivic of Tennessee, LLC,* Case No. 1:17-cv-01094-LJO-JLT (E.D. Cal.) (wage and hour class action settled for approximately $3 million, preliminary approval pending).

58. My firm is also currently appointed class counsel in the following cases which were certified as class actions by contested motion:

a. *Sheena Raffin v Medicredit, Inc.* et. al., Case No. 2:15-cv-04912-MWF-PJW (C.D. Cal.) (Cal. Penal Code § 632.7 class action certified by Hon. George H. King Ret. under Rule 23(b)(2) and (b)(3) on behalf of class members whose calls were recorded without knowledge or consent);

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
WOODLAND HILLS, CA 91367

b.    *Anne Wolf v Hewlett Packard Company,* Case No. 5:15-cv-01221-BRO-GJS (C.D. Cal.) (CLRA class action certified on behalf of tens of thousands of class members who purchased printer that was falsely advertised to include Smart Install feature);

c.    *Caldera v. American Medical Collection Association*, (C.D. Cal.) Case No. 2:16-cv-00381-CBM-AJW (TCPA class action on behalf of 30,000-100,000 class members, certified by contested motion);

d.    *Alfred Zaklit, et. al. v. Nationstar Mortgage LLC*, Case No. 5:15-cv-02190-CAS-KK (C.D. Cal.) Cal. Penal Code § 632.7 class action certified under Rule 23(b)(2) and (b)(3) on behalf of class members whose calls were recorded without knowledge or consent);

e.    *D'Angelo Santana vs Rady Children's Hospital*, Case No. 37-2014-00022411-CU-MT-CTL (San Diego Superior Court) Confidentiality of Medical Information Act, Cal. Civ. Code § 56 *et seq.*;

f.    *Edward Makaron v. Enagic USA, Inc.,* Case No. 2:15-cv-05145-DDP-E (C.D. Cal.) (TCPA class action certified on behalf of approximately 2,000,000 class members); and

g.    *Rodriguez v. Experian Information Solutions, Inc. et. al.* Case No. 2:15-cv-01224-RAJ (W.D. Wash.) (FCRA class action for improper credit pulls; certified under Rule 23).

59. Because of the experience my firm has in certifying Class Actions, both by contested motion and by resolution, and the fact that we have no known conflicts of interest, I submit respectfully that my firm is adequate to serve as class counsel in this matter.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on January 18, 2019.

By:/s/ Todd M. Friedman
Todd M. Friedman, Esq.

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
WOODLAND HILLS, CA 91367

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
WOODLAND HILLS, CA 91367

**EXHIBIT A**

**DECLARATION OF TODD M. FRIEDMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**    PAGE 24 OF 24

## CLASS ACTION SETTLEMENT AGREEMENT

This class action settlement agreement ("Agreement") is entered into this 31st day of December, 2018, between Lisa Kim ("Plaintiff"), individually and as class representative of the Settlement Class defined in Section II below, and Tinder, Inc., Match Group, LLC, and Match Group, Inc. (collectively, "Defendants").[1]  Plaintiff and Defendants are jointly referred to as the "Parties."

## I.     RECITALS

1.1.     On April 12, 2018, Plaintiff commenced this Litigation in the U.S. District Court for the Central District of California, asserting a claim against Defendants for violation of California's Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.* ("Unruh Act").   On June 22, 2018, Plaintiff filed a First Amended Complaint that added a claim for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.

1.2.     Plaintiff alleged in support of her claims in the Litigation that users of the Tinder app in California who purchased a subscription to Tinder Plus—a suite of premium features that may be added to the app—were charged a higher price for the subscription if they were 30 years of age or older.   Plaintiff asserted the claims on behalf of a putative class defined in the First Amended Complaint as "All persons in California that purchased Tinder Plus, who were over the age of 30, and who did not receive a discount for the Tinder Plus service due to their age."   As

---

[1]      Pursuant to a merger in 2017, Tinder, Inc.'s assets and liabilities were acquired by Match Group, LLC.

relief, Plaintiff requested restitution of fees paid for Tinder Plus, statutory damages under the Unruh Act, reasonable attorneys' fees and costs, and equitable and injunctive relief.

1.3.    Defendants moved to compel arbitration of Plaintiff's claims based on an arbitration agreement in the Tinder app's Terms of Use.  The Court granted the motion, and Plaintiff appealed.

1.4.    During the pendency of the appeal, the Parties engaged in settlement discussions. During those discussions, Plaintiff's Counsel raised the possibility of asserting claims on the same legal theory with respect to Tinder Gold, another set of premium features for the Tinder app for which younger subscribers received a discount.  Defendants explained that, contrary to the allegation in the Litigation regarding an under-30 discount, the discount for Tinder Plus (and for Tinder Gold) applied to subscribers under the age of 29 rather than under the age of 30. Defendants also explained that approximately 230,000 individuals in California had purchased a subscription to Tinder Plus or Tinder Gold when they were at least 29 years of age.

1.5.    The Parties eventually attended a mediation with Retired Judge Louis Meisinger, where the Parties agreed to the terms memorialized in this Agreement, which pertain to both Tinder Plus and Tinder Gold.  Accordingly, the Parties agree, subject to approval by the Court, that the Claims, which for purposes of this settlement pertain to both Tinder Plus and Tinder Gold, shall be fully and finally compromised, settled and released on the terms and conditions set forth in this Agreement.

1.6.    Plaintiff's Counsel have evaluated the merits of the Parties' contentions and this settlement as it affects the Parties and the Settlement Class Members as well as the risks of continued litigation of the Claims, which include not prevailing on a motion for class certification, and not establishing liability and damages for purposes of the Claims.  Plaintiff and

Plaintiff's Counsel, after taking into account the foregoing, along with other risks, delay and the costs of further litigation, are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and equitable, and that a settlement of the Claims and the prompt provision of monetary and other effective relief to the Settlement Class Members are in the best interests of those Members.

1.7.    Defendants deny Plaintiff's allegations and charges of wrongdoing or liability regarding the Claims and also deny that Plaintiff or any Member of the Settlement Class has suffered damage or harm by reason of Defendants' alleged conduct.   Nonetheless, Defendants wish to resolve the Claims on the terms stated herein, in order to avoid further burden, expense, inconvenience, and interference with their ongoing business operations.   Therefore, Defendants have determined that settlement of the Claims on the terms set forth herein is in their best interests.

1.8.    This Agreement reflects a compromise between the Parties, and shall in no event be construed as or be deemed an admission or concession by any Party of the truth of any allegation or the validity of any purported claim or defense asserted in any of the pleadings regarding the Claims, or of any fault on the part of Plaintiff or Defendants, and all such allegations are expressly denied.   Nothing in this Agreement shall constitute an admission of liability or be used as evidence of liability or non-liability by or against any Party.

NOW, THEREFORE, in consideration of the covenants and agreements set forth herein, and of the releases and dismissals of claims described below, the Parties agree to this settlement, subject to Court approval, under the following terms and conditions:

## II.    DEFINITIONS

Capitalized terms in this Agreement shall be defined as follows:

2.1.    "Agreement" means this Class Action Settlement Agreement, including all exhibits.

2.2.    "Benefit Deadline" means 45 days after the Effective Date, unless the Effective Date is also the date of Final Approval, in which case "Benefit Deadline" means 75 days after the Effective Date.

2.3.    "Claim Form" means a form submitted by a Settlement Class Member in accordance with Section 5.1, substantially in the same form as Exhibit 4.

2.4.    "Claims" are the claims based upon allegedly discriminatory age-based pricing differentials that are asserted or could have been asserted in the Litigation, including claims pertaining to Tinder Plus and Tinder Gold, as described in Sections 1.1 through 1.5 above.

2.5.    "Class Notice" means a notice in substantially the same form as Exhibit 2.

2.6.    "Class Period" means the period from March 2, 2015 through the date of Preliminary Approval.

2.7.    "Court" means the United States District Judge of the United States District Court for the Central District of California presiding over the Litigation, which to date has been Hon. John F. Walter.

2.8.    "Defendants' Counsel" means the law firm of Manatt Phelps & Phillips, LLP.

2.9.    "Effective Date" means (a) if there are no objectors to the settlement contemplated by this Agreement, the date of the Court's Final Approval of this Agreement; or (b) if there are objectors, the later of: (i) the expiration date of the time for filing a notice of appeal from Final Approval if no notice of appeal is filed; or (ii) if a notice of appeal is filed, but Final Approval is affirmed or the appeal is dismissed, the date upon which all applications for

further review in the federal appellate courts have expired without such an application having been filed.

2.10. "Final Approval" means entry of a judgment, substantially in the form of Exhibit 3, granting final approval of this Agreement as binding upon the Parties and the Settlement Class, which shall constitute a judgment respecting the Claims.

2.11. "Litigation" means *Kim v. Tinder, Inc., et al.*, United States District Court for the Central District of California, Case No. 2:18-cv-03093-JFW-AS.

2.12. "Member" or "Settlement Class Member" means a member of the Settlement Class.

2.13. "Notice Date" means the day on which the Settlement Administrator emails the Class Notice to the Settlement Class in accordance with Section 4.4 of this Agreement.

2.14. "Parties" means Plaintiff and Defendants, collectively, and "Party" means any of Plaintiff or Defendants.

2.15. "Plaintiff's Counsel" means Law Offices of Todd M. Friedman, P.C., and Kristensen Weisberg, LLP.

2.16. "Plaintiff Releasors" means Plaintiff's predecessors, successors, heirs, trusts, executors, assigns, personal representatives, attorneys, and family members.

2.17. "Preliminary Approval" means issuance of an Order by the Court, substantially in the form of Exhibit 1, granting preliminary approval of the settlement described in this Agreement.

2.18. "Released Claims" means the claims released as set forth in Sections 8.1 through 8.3 of this Agreement.

2.19.    "Released Parties" means Defendants and their respective current and former subsidiaries, parents, affiliates, divisions, officers, directors, members, managers, shareholders, insurers, employees, agents, attorneys, legal representatives, heirs, predecessors, successors, and assigns.

2.20.    "Settlement Administrator" means Epiq, unless another independent administrator is agreed upon by the Parties and approved by the Court.

2.21.    "Settlement Class" means every California subscriber to Tinder Plus or Tinder Gold during the Class Period who at the time of the subscription was at least 29 years old and was charged a higher rate than younger subscribers, except those who choose to opt out of the Settlement Class.

2.22.    "Settlement Website" means the internet website established pursuant to Section 4.5 of this Agreement and the Preliminary Approval Order.

2.23.    "Tinder," except when referring to the Tinder app, means and includes Match Group, LLC, which in 2017 acquired the assets and liabilities of Tinder, Inc. (with the result that Tinder, Inc. itself no longer exists).

2.24.    "Valid Claim" means a claim submitted in compliance with Part V of this Agreement.

## III.    SETTLEMENT BENEFITS

3.1.    <u>No Purchase Required</u>.  No Class Member will be required to make any purchase in order to obtain any benefits under this settlement.

3.2.    <u>Free Super Likes to Every Member with a Tinder Account</u>.  By the Benefit Deadline, Tinder will deposit 50 free Super Likes (worth $50, with each Super Like valued at its selling price of $1) into the Tinder account of every Settlement Class Member who at that time

has a Tinder account, so long as the email address associated with the account is the same as when the Member purchased Tinder Plus or Tinder Gold during the Class Period. Defendants shall advise Settlement Class Members via the Class Notice that they must have an account in place in order to receive the deposit of Super Likes.

      3.3.   <u>Additional Compensation for Every Member Who Submits a Valid Claim Form</u>. Every Settlement Class Member, in addition to receiving a deposit of Super Likes under Section 3.1 above, is eligible to apply for one of the following forms of additional compensation by submitting a Claim Form:

      (a)   A check in the amount of $25, which will be mailed by the Settlement Administrator.

      (b)   A deposit of 25 additional Super Likes (worth $25, with each Super Like valued at its selling price of $1) into the Member's Tinder account. This option will only be available to Members who have a Tinder account at the time the deposit is made, and only if the email address associated with the account is the same as when the Member purchased Tinder Plus or Tinder Gold during the Class Period.

      (c)   A one-month subscription to Tinder Plus (valued at $19.99) or Tinder Gold (valued at $29.99), depending on which of those services the Member had previously purchased, to be activated in accordance with the terms of this Agreement. This option will not be available to any Member who already has a subscription at the time of activation. A Member selecting this option who previously purchased both Tinder Plus and Tinder Gold will receive a subscription to Tinder Gold.

The form of compensation elected in the Claim Form shall be mailed, deposited or activated, as applicable, by the Benefit Deadline for every Member whose Claim Form is determined to present a Valid Claim and who, for purposes of (b) or (c) above, satisfies the requirements stated above.

3.4.    Change of Practice.    By the Benefit Deadline, Tinder will implement the following change of practice:  For new subscriptions to Tinder Plus or Tinder Gold purchased in California, Tinder will not charge different prices based on age, except Tinder reserves the right to offer a youth discount to subscribers age 21 or younger.  Also, in the event of (i) the enactment of legislation in California subsequent to the date of this Agreement that specifically addresses age-based pricing and, reasonably interpreted, would permit age-based pricing by Tinder using other age cut-offs, (ii) the issuance subsequent to the date of this Agreement of an appellate decision by any court in California to the same effect, or (iii) the enactment of legislation in California subsequent to the date of this Agreement expressing a public policy in favor of or benefiting a particular age group, Tinder may implement age-based pricing in California consistent with such legislation or case law.

## IV.  NOTICE AND APPROVAL PROCEDURE

4.1.    Section 1715 Notice.    Within 10 days after the filing of a motion for Preliminary Approval, at Defendants' separate expense, either Defendants or the Settlement Administrator shall provide the notices to the appropriate state and federal officials as required by 28 U.S.C. § 1715, *et seq*.

4.2.    Preliminary Approval.    As soon as practicable after the execution of this Agreement, Plaintiff shall move, with the support of Defendants, for a Preliminary Approval order, substantially in the form of Exhibit 1, preliminarily approving this Agreement and this

settlement as fair, just, reasonable, and adequate, approving the Class Notice to the Settlement Class Members as described below, and setting a hearing to consider Final Approval of the settlement, any objections thereto, and Plaintiff's Counsel's motion for an award of attorneys' fees, costs, and expenses, and any incentive award.

      4.3.    <u>Class Member Information</u>.  Not later than seven days after entry of the order granting Preliminary Approval (unless otherwise modified by the Parties or by order of the Court), Defendants shall provide the Settlement Administrator a Class list containing the following information for each person who, according to Defendants' records, is a Settlement Class Member, to the extent such information is available to Defendants:  name, last known email address, and whether the Member subscribed to either Tinder Plus or Tinder Gold.  (If the Member subscribed to both, he or she will be indicated on the Class list as having subscribed to Tinder Gold.)  The Settlement Administrator will maintain the confidentiality of the Class list and all data supplied.

      4.4.    <u>Notice to Settlement Class Members</u>.  As soon as reasonably practicable, but not later than 30 days after Defendants provide the information specified in Section 4.3 to the Settlement Administrator (unless otherwise modified by the Parties or by order of the Court), the Settlement Administrator shall send the Class Notice via email to each Settlement Class Member using the information provided in the Class list.

      4.5.    <u>Settlement Website</u>.    By no later than the Notice Date, the Settlement Administrator shall establish the Settlement Website as approved by the Court, which shall contain the following: this Agreement; the Preliminary Approval application; the Preliminary Approval order; the Class Notice in both downloadable PDF format and HTML format; a set of answers to frequently asked questions (FAQs); and a Contact Information page that includes the

mailing and email addresses and a toll-free telephone number for the Settlement Administrator and contact information for Defendants' Counsel and Plaintiff's Counsel.

4.6.    Notice of Right to Object to or Opt Out of the Settlement.  The Class Notice shall advise Settlement Class Members of their right to object to this settlement, personally or through counsel, or to opt out of the settlement.  The Class Notice and proposed Preliminary Approval order shall provide that any Member who fails to properly or timely submit an objection in accordance with Section 4.7 of this Agreement will be precluded from objecting.

4.7.    Objections.  Any Settlement Class Member who wishes to object to the settlement and/or to be heard at the Final Approval hearing must submit a written notice of objection and/or request to be heard at the Final Approval hearing, within 30 days after the Notice Date (or such other deadline as the Court might order), by mailing the notice of objection and/or request to be heard to the Class Action Clerk for the Central District of California or by filing the notice of objection and/or request to be heard with the Court.  Each such notice of objection or request to be heard must include:  (i) the case name and number, (ii) the Member's name, (iii) the Member's current address and telephone number, (iv) the email address or telephone number associated with the Tinder account through which the Member purchased Tinder Plus or Tinder Gold, (v) an explanation of why the Member objects to the settlement, including the grounds therefor, any supporting documentation, and the reasons, if any, for requesting the opportunity to appear and be heard at the Final Approval hearing, (vi) a list, including case name and number, of all cases in which the Member previously submitted an objection to a class action settlement, either for himself or herself or on behalf of someone else, and (vii) a statement, followed by the Member's signature, that "I declare under penalty of perjury that I purchased a subscription to Tinder Plus or Tinder Gold during the Class Period, that I was least 29 years old and resided in

California at the time of the purchase, and that I wish to object to the settlement." Failure to comply with all requirements of this Section 4.7 shall constitute grounds for striking an objection or denying a request to be heard, as applicable.

4.8.    <u>Opt-Outs</u>.  Any Settlement Class Member who wishes to be excluded from the settlement and the Settlement Class may do so by mailing, in accordance with the instructions in the Class Notice, a valid request to opt out within 30 days after the Notice Date (or such other deadline as the Court might order).   The opt-out request must be in the form of a letter that includes (i) the Member's name, (ii) the Member's current address and telephone number, (iii) the email address or telephone number associated with the Tinder account through which the Member purchased Tinder Plus or Tinder Gold, (iv) a statement that the Member wants to be excluded from the settlement in *Kim v. Tinder, Inc., et al.*, U.S.D.C., C.D. Cal., Case No. 2:18-cv-03093-JFW-AS, and (v) a statement, followed by the Member's signature, that "I declare under penalty of perjury that I purchased a subscription to Tinder Plus or Tinder Gold during the Class Period, that I was least 29 years old and resided in California at the time of the purchase, and that I wish to exclude myself from the Class settlement."  A Settlement Class Member who elects to opt out of this settlement and the Settlement Class shall not be permitted to object to this settlement or request the right to intervene in the Litigation.

4.9.    <u>Certification of Class Notice</u>.  At least seven days prior to the hearing on Final Approval, the Settlement Administrator and Defendants shall certify to the Court that they have complied with the Class Notice requirements set forth herein.

4.10.    <u>Final Approval Order and Judgment</u>.  At or before the hearing on Final Approval, Plaintiff, with the support of Defendants, shall move for entry of Judgment, substantially in the form of Exhibit 3, granting final approval of this settlement and adjudging this Agreement and

the settlement embodied therein to be final, fair, reasonable, adequate, and binding on all Settlement Class Members, overruling any objections to the settlement, ordering that the settlement relief be provided as set forth in this Agreement and giving effect to the releases as set forth in Part VIII, below.

## V. CLAIMS ADMINISTRATION

5.1.    Claims Process.  Claim Forms may be submitted on paper via first-class mail or online at the election of the Settlement Class Member.  Claim Forms must be submitted no later than 30 days after Final Approval.  On the Claim Form, the Settlement Class Member must provide (i) his or her name, (ii) current contact information, (iii) a certification under penalty of perjury that the Member resided in California at the time of his or her purchase of a subscription to Tinder Plus or Tinder Gold, (iv) the email address and/or telephone number associated with the Tinder account through which the purchase was made, and (v) authorization (which will be included in the Claim Form but will require the Member's assent) for Tinder to obtain from Apple or Google, as applicable, verification that the Member purchased and paid for a subscription to Tinder Plus or Tinder Gold and did not receive a refund or chargeback.  In addition, the Member must elect one of the forms of compensation set forth in Section 3.3 of this Agreement.

5.2.    Settlement Adminstrator Duties.    The Settlement Administrator shall be responsible for processing Claim Forms, administering the Settlement Website, and fulfilling Valid Claims that involve payment of cash.

5.3.    Monitoring of Settlement Administrator.  Plaintiff's Counsel and Defendants' Counsel shall monitor the Settlement Administrator's work and upon request shall receive copies from the Settlement Administrator of all Claim Form data and any associated documentation

provided by Settlement Class Members.  If Defendants dispute the validity of any claim, they shall provide their supporting evidence to the Settlement Administrator with copies to Plaintiff's Counsel.  Should Plaintiff dispute the rejection of any claim, Plaintiff's Counsel may themselves, or may instruct the Settlement Administrator to, contact the claimant for additional information, and counsel for Plaintiff and Defendants will meet and confer in good faith to attempt to resolve the dispute.  Any unresolved disputes between Plaintiff and Defendants regarding claim administration or the payment of a claim shall be resolved by the Court, unless the Parties mutually agree on another dispute resolution process.  Upon rejection of any claim, the Settlement Administrator shall send a letter to the claimant stating the reasons for the rejection.

5.4.    Settlement Expenses.  Defendants shall pay all costs of notice and all other fees, costs, and expenses charged or incurred by the Settlement Administrator.

5.5.    Other Expenses.  Except as set forth in this Agreement, each Party shall bear her or its own fees, costs and expenses.

## VI.    SETTLEMENT BASED ON COURT APPROVAL OF TERMS

6.1.    Class Certification for Settlement Purposes Only.  Solely for the purposes of effectuating the settlement set forth in this Agreement and subject to Court approval, the Parties stipulate that a Settlement Class shall be certified in accordance with the definition set forth in this Agreement, that Plaintiff shall represent the Settlement Class for settlement purposes, and that Plaintiff's Counsel shall be appointed as the attorneys for the Settlement Class.

6.2.    Right to Terminate Settlement Based on Increased Cost or Burden.  In the event that the Court declines to enter a Preliminary Approval order or to grant Final Approval, or conditions the entry of such orders on terms and conditions that materially depart from the provisions of this Agreement or materially increase the cost (including administrative cost) or

burden of the Agreement, the Parties shall endeavor, consistent with this Agreement, to resolve any issues identified by the Court and proceed with this settlement. If the Parties are unable to reach such a resolution, Plaintiff or Defendants shall each have the right to terminate this Agreement.

      6.3.   <u>Effect If Settlement Not Approved or Agreement Is Terminated</u>. In the event that this Agreement (including the settlement provided for herein) is not finally approved (including on any appeal), is terminated or cancelled, or fails to become effective for any reason whatsoever, the Litigation shall revert to its status as it existed prior to the date of this Agreement. In such event, neither this Agreement nor any draft thereof, nor any negotiation, documentation, or other part or aspect of the Parties' settlement discussions, nor any other document filed or created in connection with this settlement, shall have any effect or be admissible in evidence for any purpose in the Litigation or in any other proceeding, and all such documents or information shall be treated as strictly confidential and may not, absent a court order, be disclosed to any person other than the Parties' counsel, and in any event only for purposes of the Litigation.

# VII. ATTORNEYS' FEES, COSTS AND EXPENSES, AND INCENTIVE AWARDS

      7.1.   <u>Payment to Plaintiff's Counsel</u>. Plaintiff's Counsel may apply to the Court for an award of attorneys' fees not to exceed $1,200,000 in the aggregate, plus reasonable costs and expenses actually incurred in connection with the Litigation. Defendants agree not to oppose or submit any evidence or argument challenging or undermining the request for attorneys' fees, reasonable costs and expenses. The attorneys' fees, costs and expenses awarded by the Court pursuant to this Section 7.1 shall constitute the sole and total obligation of Defendants to pay attorneys' fees, costs and expenses of any kind based on the Claims.

7.2.   <u>Incentive Award to Plaintiff</u>.  Plaintiff may apply to the Court for an incentive award in an amount not to exceed $5,000 for services performed in representing the Settlement Class.  Defendants agree not to oppose or submit any evidence or argument challenging or undermining such request for an incentive award.

7.3.   <u>Payment</u>.  Payment of any award of attorneys' fees, costs or expenses or any incentive award shall be made by Defendants by the Benefit Deadline.

7.4.   <u>No Effect on Settlement</u>.  Plaintiff and Plaintiff's Counsel agree that the denial of, reduction or downward modification of, or failure to grant any application for attorneys' fees, costs, and expenses or incentive award shall not constitute grounds for modification or termination of this Agreement, including the settlement and releases provided for herein..

## VIII.  RELEASES

8.1.   <u>Release Regarding Settlement Class Members and Released Parties</u>.

(a)   Upon Final Approval, all Settlement Class Members shall be deemed to release and forever discharge the Released Parties from, and shall be forever barred from instituting, maintaining, prosecuting or asserting, any and all claims, liens, debts, demands, rights, actions, suits, causes of action, controversies, costs, expenses, attorneys' fees, obligations, damages or liabilities of any nature whatsoever, whether individual, class or representative, whether legal, equitable, administrative, direct, indirect, or otherwise, whether known or unknown, whether arising under any international, federal, state or local statute, ordinance, regulation, common law, principle of equity or otherwise, that were asserted in the Litigation relating to the Claims or that could have been asserted based in any manner on an allegation that subscribers to Tinder Plus or Tinder Gold were charged different prices depending on their age.

(b)     Each and every term of this Section 8.1 shall be binding upon all Settlement Class Members and all of their predecessors, successors, heirs, trusts, executors, assigns, personal representatives, attorneys and family members, and inure to the benefit of all of the Released Parties.

8.2.    <u>Release Regarding Plaintiff and Released Parties</u>.

(a)     Upon Final Approval, Plaintiff and Plaintiff Releasors on the one hand, and the Released Parties on the other hand, shall mutually release and forever discharge each other from, and shall be forever barred from instituting, maintaining, prosecuting or asserting, any and all claims, liens, debts, demands, rights, actions, suits, causes of action, controversies, costs, expenses, attorneys' fees, obligations, damages or liabilities of any nature whatsoever, whether individual, class, or representative, whether legal, equitable, administrative, direct, indirect, or otherwise, whether known or unknown, whether arising under any international, federal, state or local statute, ordinance, regulation, common law, principle of equity or otherwise, relating to the Claims or in any manner relating to an allegation that subscribers to Tinder Plus or Tinder Gold were charged different prices depending on their age.

(b)     Plaintiff and Defendants expressly understand and acknowledge that it is possible that unknown losses or claims exist or that losses may have been underestimated in amount or severity.  Plaintiff and Defendants explicitly took those possibilities into account in entering into this Agreement, and a portion of the consideration provided for and the mutual covenants contained herein, having been bargained for between Plaintiff and Defendants with the knowledge of the possibility of such unknown claims or losses, was given in exchange for a full accord, satisfaction, and discharge of all such claims and losses.  Consequently, Plaintiff and Defendants expressly waive all provisions, rights and benefits of California Civil Code section

1542 (and equivalent, comparable, or analogous provisions of the laws of the United States or any state or territory thereof, or of the common law). **Section 1542 provides:**

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

(c)      Each and every term of this Section 8.2 shall be binding upon, and inure to the benefit of Plaintiff, Plaintiff Releasors, and the Released Parties.

8.3.    <u>Defense as to Released Claims</u>.  The Parties shall be deemed to have agreed that the releases set forth in Sections 8.1 and 8.2 will be and may be raised as a complete defense to and will preclude any action or proceeding based on the Released Claims.

8.4.    <u>Effectuation of Settlement</u>.  None of the above releases includes any release of claims to enforce the terms of this Agreement or this settlement.

8.5.    <u>No Admission of Liability</u>.  This Agreement reflects, among other things, the compromise and settlement of disputed claims between the Parties, and neither this Agreement nor the releases given herein, nor any consideration therefor, nor any actions taken to carry out this Agreement are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or the validity of any claim, or defense, or of any point of fact or law on the part of any Party.  Defendants expressly deny the Claims asserted in the Litigation.  Neither this Agreement, nor the fact of settlement, nor the settlement proceedings, nor the settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by any of the Released Parties, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by any of the Released Parties in any proceeding.

8.6.    No Effect on Arbitration Agreement in Tinder's Terms of Use.   The fact that Defendants are settling claims with Settlement Class Members who Defendants contend are subject to valid and enforceable arbitration agreements and class waivers contained in Tinder's Terms of Use does not constitute an admission, concession, presumption, inference, or determination that the Terms of Use, including the arbitration agreement and class waiver, are unenforceable against the Settlement Class Members or any other current or former users of the Tinder app, nor does it constitute any waiver of Defendants' rights with respect to arbitration in this or any other case.

## IX.    ADDITIONAL PROVISIONS

9.1.    Best Efforts.   The Parties' counsel shall use their best efforts to cause the Court to grant Preliminary Approval of this Agreement and settlement as promptly as practicable, to take all steps contemplated by this Agreement to effectuate the settlement on the stated terms and conditions, and to obtain Final Approval of this Agreement and settlement.

9.2.    Change of Time Periods.   The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Plaintiff's Counsel and Defendants' Counsel, without notice to Settlement Class Members.

9.3.    Time for Compliance.   If the date for performance of any act required by or under this Agreement falls on a Saturday, Sunday or court holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement.

9.4.    Governing Law.   This Agreement is intended to and shall be governed by the laws of the State of California, without regard to conflicts of law principles.

9.5.    Entire Agreement.    The terms and conditions set forth in this Agreement constitute the complete and exclusive statement of the agreement between the Parties relating to the subject matter of this Agreement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement.    The Parties further intend that this Agreement constitute the complete and exclusive statement of its terms as between the Parties, and that no extrinsic evidence whatsoever may be introduced in any judicial or other proceeding, if any, involving the interpretation of this Agreement.    Any amendment or modification of the Agreement must be in a writing signed by Plaintiff, Plaintiff's Counsel, and Defendants' Counsel.

9.6.    Advice of Counsel.    The determination of the terms of, and the drafting of, this Agreement have been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel.    The presumption found in California Civil Code section 1654 that uncertainties in a contract are interpreted against the party causing the uncertainty to exist is hereby waived by all Parties.

9.7.    Binding Agreement.    This Agreement shall be binding upon and inure to the benefit of the Parties' respective heirs, successors, and assigns.

9.8.    No Waiver.    The waiver by any Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

9.9.    Requirement of Execution. This Agreement shall be valid and binding as to the Settlement Class and Defendants upon (1) signature by Plaintiff, (2) signature by authorized representatives of each Defendant, and (3) signature as to form by an authorized representative of each of the law firms defined as Plaintiff's Counsel and Defendants' Counsel.

9.10.   <u>Execution in Counterparts</u>.   This Agreement shall become effective upon its execution by all of the undersigned.   The Parties may execute this Agreement in counterparts and/or by fax or electronic mail, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

9.11.   <u>Extensions of Time</u>.   The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

9.12.   <u>Media</u>.   The Parties shall cooperate and work together toward an agreed protocol and mutually acceptable language or messaging in making any press releases or other proactive statements to the media regarding the settlement.   No Party or counsel for a Party may issue a press release or other proactive statement to the media regarding the settlement unless pre-approved by all Parties, and in no event shall any such release or statement be issued prior to the filing of a motion for Preliminary Approval of the settlement.   In responding to any press inquiries regarding the settlement, the Parties and their counsel will use their best efforts to provide responses consistent with language previously agreed upon by the Parties.

9.13.   <u>Interpretation and Enforcement of This Agreement</u>.   The Court shall have, and after Final Approval shall retain, jurisdiction to enforce, interpret, and implement this Agreement and this settlement.

9.14.   <u>Notices</u>.   All notices to the Parties or counsel required by this Agreement, shall be made in writing and communicated by mail and fax or email to the following addresses:

If to Plaintiff or Plaintiff's Counsel:

Todd M. Friedman
Adrian R. Bacon
Law Offices of Todd M. Friedman. P.C.

21550 Oxnard Street
Suite 780
Woodland Hills, California 91367
Telephone: (216) 220-6496
Email: abacon@attorneysforconsumers.com

If to Defendants or Defendants' Counsel:

Robert H. Platt
Donald R. Brown
Manatt Phelps & Phillips, LLP
11355 West Olympic Blvd.
Los Angeles, CA 90064
Telephone: (310) 312-4000
Fax: 310-312-4224
Email : rplatt@manatt.com, dbrown@manatt.com

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on the first date it has been executed by all of the undersigned.

**APPROVED AS TO FORM:**

DATED: December 31, 2018          LAW OFFICES OF TODD M. FRIEDMAN. P.C.

                                  _____
                                  Adrian R. Bacon, Esq.

DATED: December ___, 2018         KRISTENSEN WEISBERG, LLP

                                  _____
                                  Christina M. Le, Esq.

DATED: December ___, 2018         MANATT PHELPS & PHILLIPS LLP

                                  _____
                                  Donald R. Brown, Esq.

DocuSign Envelope ID: B79F820D-9A81-4066-A72A-9F5DB0500742

21550 Oxnard Street
Suite 780
Woodland Hills, California 91367
Telephone:  (216) 220-6496
Email:  abacon@attorneysforconsumers.com

If to Defendants or Defendants' Counsel:

Robert H. Platt
Donald R. Brown
Manatt Phelps & Phillips, LLP
11355 West Olympic Blvd.
Los Angeles, CA  90064
Telephone: (310) 312-4000
Fax: 310-312-4224
Email : rplatt@manatt.com, dbrown@manatt.com

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on the first date it has been executed by all of the undersigned.

**APPROVED AS TO FORM:**

DATED:  December __, 2018          LAW OFFICES OF TODD M. FRIEDMAN. P.C

_____
Adrian R. Bacon, Esq.

DATED:  December 31, 2018          KRISTENSEN WEISBERG, LLP

DocuSigned by:
*Christina Le*
1F8A2F2876674C9...
_____
Christina M. Le, Esq.

DATED:  December__, 2018          MANATT PHELPS & PHILLIPS LLP

_____
Donald R. Brown, Esq.

21550 Oxnard Street
Suite 780
Woodland Hills, California 91367
Telephone:  (216) 220-6496
Email:  abacon@attorneysforconsumers.com

If to Defendants or Defendants' Counsel:

Robert H. Platt
Donald R. Brown
Manatt Phelps & Phillips, LLP
11355 West Olympic Blvd.
Los Angeles, CA  90064
Telephone: (310) 312-4000
Fax: 310-312-4224
Email : rplatt@manatt.com, dbrown@manatt.com

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on the first date it has been executed by all of the undersigned.

**APPROVED AS TO FORM:**

DATED:  December __, 2018        LAW OFFICES OF TODD M. FRIEDMAN. P.C


_____
Adrian R. Bacon, Esq.

DATED:  December __, 2018        KRISTENSEN WEISBERG, LLP


_____
Christina M. Le, Esq.

DATED:  December__, 2018        MANATT PHELPS & PHILLIPS LLP


_____
Donald R. Brown, Esq.

DocuSign Envelope ID: B79F820D-9A81-4066-A72A-9F5DB0500742

**APPROVED AND AGREED:**

DATED: December  31, 2018

_____
Lisa Kim

DATED: December  __, 2018          MATCH GROUP, LLC (for itself and as successor to
                                   Tinder, Inc.)


By:_____

Name:_____

Its: _____


DATED: December  __, 2018          MATCH GROUP, INC.


By:_____

Name:_____

Its: _____

321490624.1                              22

**APPROVED AND AGREED:**

DATED: December ___, 2018

_____
Lisa Kim

DATED: December ___, 2018          MATCH GROUP, LLC (for itself and as successor to
                                   Tinder, Inc.)

                                   By: _____
                                   Name: _____
                                       Jared Sine
                                   Its: _____
                                       GC

DATED: December ___, 2018          MATCH GROUP, INC.

                                   By: _____
                                   Name: _____
                                       Jared Sine
                                   Its: _____
                                       GC

**EXHIBIT 1**

1   John P. Kristensen (SBN 224132)
    David L. Weisberg (SBN 211675)
2   Christina M. Le (SBN 237697)
    **KRISTENSEN WEISBERG, LLP**
3   12450 Beatrice Street, Suite 200
    Los Angeles, California 90066
4   Telephone:  310-507-7924
    Fax:  310-507-7906
5   john@kristensenlaw.com
    david@kristensenlaw.com
6   christina@kristensenlaw.com

7   Todd M. Friedman (SBN 216752)
    Adrian R. Bacon (SBN 280332)
8   **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
    21550 Oxnard Street, Suite 780
9   Woodland Hills, CA 91367
    Telephone: (216) 220-6496
10  Facsimile: (866) 633-0028
    tfriedman@attorneysforconsumers.com
11  abacon@attorneysforconsumers.com

12  *Attorneys for Plaintiff and all others similarly situated*

13

14                    UNITED STATES DISTRICT COURT

15                    CENTRAL DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17  LISA KIM, individually and on behalf of all others similarly situated, | Case No. CV 18-03093 JFW (AS) |
| 18 | Hon. John F. Walter |
| 19      Plaintiff, | **[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| 20      vs. | |
| 21  TINDER, INC., a Delaware corporation; MATCH GROUP, LLC, | |
| 22  a Delaware limited liability company; MATCH GROUP, INC., a Delaware | Hearing Date:   [INSERT]<br>Hearing Time:   1:30 p.m.<br>Courtroom:      7A |
| 23  corporation; and DOES 1 through 10, inclusive, and each of them, | |
| 24      Defendants. | |

25

26

27

28

1       Plaintiff Lisa Kim ("Plaintiff") has moved the Court for preliminary approval

2  of a proposed class action settlement, the terms and conditions of which are set

3  forth in the Class Action Settlement Agreement filed with the Court on [DATE]

4  (Dkt. No. ___) ("Agreement").

5       Having considered all matters submitted to it at the hearing on the motion

6  and otherwise, including the complete record of this action, and good cause

7  appearing therefor, the Court hereby finds and concludes as follows:

8       1.   The capitalized terms used in this Order shall have the same

9  meaning as defined in the Agreement except as otherwise expressly provided.

10       2.   The Court preliminarily approves the settlement provided for in the

11  Agreement (the "Settlement") as potentially warranting final approval, and as

12  meriting submission to the Settlement Class for its consideration.

13       3.   For purposes of potential approval of the Settlement only, the Court

14  certifies the Settlement Class, which consists of every person in California who

15  subscribed to Tinder Plus or Tinder Gold during the period between March 2, 2015

16  and [DATE OF PRELIMINARY APPROVAL] and at the time of the subscription

17  was at least 29 years old and was charged a higher rate than younger subscribers,

18  except those who timely opt out of the Settlement Class.

19       4.   The Court preliminarily finds, solely for purposes of considering the

20  Settlement, that the requirements of Federal Rule of Civil Procedure 23 are

21  conditionally satisfied, including that the Settlement Class Members are too

22  numerous to be joined in a single action; that common issues of law and fact exist

23  and predominate; that the claims of the Class Representative are typical of the

24  claims of the Settlement Class Members; that the Class Representative and Class

25  Counsel can adequately protect the interests of the Settlement Class Members; and

26  that class treatment is superior to alternative means of resolving the claims and

27  disputes at issue in this Litigation.

28

1     5.    The Court conditionally designates Law Offices of Todd M.
2   Friedman, P.C., and Kristensen Weisberg, LLP as class counsel ("Class Counsel")
3   and Plaintiff as Class Representative for purposes of considering the Settlement.
4   The Court preliminarily finds that the Class Representative and Class Counsel
5   fairly and adequately represent and protect the interests of the absent Settlement
6   Class Members.  The Court designates and approves Epiq to serve as Settlement
7   Administrator.

8     6.    Not later than _____, 2019 [35 days before final approval hearing],
9   Plaintiff and Class Counsel may make a written application to the Court for an
10   award of attorneys' fees, costs, and expenses and an incentive award to Plaintiff.

11     7.    A Final Approval hearing shall be held before this Court at 1:30 p.m.
12   on _____, 2019, at the United States District Court for the Central District of
13   California, to address: (a) whether the proposed Settlement should be finally
14   approved as fair, reasonable and adequate, and the Final Approval order should be
15   entered, and (b) whether the application for attorneys' fees, costs, and expenses and
16   incentive award to Plaintiff should be approved

17     8.    The Court approves, as to form and content, the Notice and the
18   Claim Form substantially similar to the forms attached as Exhibits 1 and 4 to the
19   Agreement.  The Parties shall have discretion to jointly make non-material minor
20   revisions to the form of notice before dissemination.  Duties regarding settlement
21   and claim administration, including, but not limited to, notice and related
22   procedures, shall be performed by the Settlement Administrator, subject to the
23   oversight of the Parties and the Court as described in the Agreement.

24     9.    A Settlement Website shall be operative no later than the Notice
25   Date.   The Settlement Website shall contain downloadable copies of this
26   Preliminary Approval order and the motion papers submitted in support thereof, the
27   Notice, the Agreement, the Claim Form, and, when filed, the application for
28   attorneys' fees, costs, and expenses and incentive award to Plaintiff.

10. Within 37 days after this Preliminary Approval order is entered [ASSUMING TINDER CAN DELIVER CLASS LIST TO ADMINISTRATOR IN SEVEN DAYS, WHICH NEEDS TO BE CONFIRMED], the Settlement Administrator shall send the Notice by email to the Settlement Class Members. Notice shall also be posted on the Settlement Website.

11. The Court finds that the Parties' plan for providing notice to the Settlement Class as set forth in Part IV of the Settlement Agreement (the "Notice Plan") will provide the best practicable notice in the circumstances, is reasonably calculated to provide notice to the Settlement Class of the pendency of the Litigation, the certification of the Settlement Class, the terms of the Agreement, and the Final Approval hearing, and complies fully with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law.

12. Any Settlement Class Member who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Agreement, must, by _____, 2019, mail to Counsel for the Parties, pursuant to the instructions set forth in the Notice and on the Settlement Website, a timely and valid written request for exclusion, received (not postmarked) no later than _____, 2019. No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization that predates receipt of the Notice, and no one may exclude other persons within the Settlement Class as a group, class, or in the aggregate.

13. At least 14 days prior to the hearing on Final Approval, the Parties shall prepare a list of the names of the persons who, pursuant to the procedures described in the Agreement, have excluded themselves from the Settlement Class in a valid and timely manner, and shall file that list with the Court. The Court retains jurisdiction to resolve any disputed exclusion requests.

14. Any member of the Settlement Class who elects to be excluded shall not receive any benefits of the Settlement, shall not be bound by the terms of the Agreement, and shall have no standing to object to the Settlement or intervene in the Litigation.

15. Any Settlement Class Member who does not submit a valid and timely request for exclusion may object to the Agreement. Any such Settlement Class Member shall have the right to appear and be heard at the Final Approval hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. Any such Settlement Class Member must file with the Court and serve upon Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth in the Notice a written objection to the Settlement ("Objection"). The Objection must satisfy the requirements set forth in Section 4.7 of the Agreement and must be filed and served no later than _____, 2019. Any Settlement Class Member who does not submit a timely Objection in accordance with the Agreement and as set forth herein shall not be considered to have filed a valid objection to the Settlement.

16. Any Settlement Class Member who wishes to appear at the Final Approval hearing must file a notice of his or her intention to do so with the Court and contemporaneously serve it upon Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth in the Notice no later than _____, 2019.

17. The Parties shall file their motions for Final Approval no later than _____, 2019 [35 days prior to Final Approval Hearing] and their reply in support of that motion and responses to any objections and requests to intervene no later than _____, 2019 [14 days prior to Final Approval Hearing].

18. In the event that the proposed Settlement is not finally approved by the Court, or in the event that the Agreement becomes null and void pursuant to its terms, this Preliminary Approval order and all orders entered in connection herewith shall become null and void, shall be of no further force or effect, and shall

not be used or referred to for any purposes whatsoever in this Litigation or in any other case or controversy; in such event, the Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Agreement.

19. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members. The Final Approval hearing may, from time to time and without further notice to the Settlement Class Members, be continued by order of the Court.


IT IS SO ORDERED this _____ day of _____, 2019.



_____
HON. JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

6

[PROPOSED] ORDER OF PRELIMINARY
APPROVAL OF SETTLEMENT

**EXHIBIT 2**

*A Federal District Court authorized this Notice.*

**TO TINDER USERS IN CALIFORNIA WHO SUBSCRIBED TO TINDER PLUS OR TINDER GOLD BETWEEN MARCH 2, 2015 AND [DATE OF PRELIMINARY APPROVAL] AND WERE AT LEAST 29 YEARS OLD AT TIME OF PURCHASE:**

**YOU ARE A MEMBER OF A CLASS FOR PURPOSES OF A CLASS ACTION SETTLEMENT.  THIS NOTICE MAY AFFECT YOUR RIGHTS.  PLEASE READ IT CAREFULLY.**

## How Do I Know If I Am Affected By The Settlement?

For purposes of settlement only, the Court has certified a Class consisting of Tinder users in California who purchased a subscription to Tinder Plus or Tinder Gold during the period between March 2, 2015 and [Date of Preliminary Approval] (the "Class Period"), were at least 29 years old at the time of purchase, and were charged a higher rate than younger subscribers.  If you are a member of the Class, you will be bound by the settlement and judgment in this case, unless you request to be excluded.

## What Is The Lawsuit About?

The plaintiff, Lisa Kim ("Kim"), filed a lawsuit in the U.S. District Court for the Central District of California against Tinder, Inc., Match Group, LLC and Match Group, Inc. (collectively, "Defendants").[1]  The lawsuit is called *Kim v. Tinder, Inc., et al.*, Case No. 2:18-cv-03093-JFW-AS.  Kim claims that Defendants violated the California Unruh Civil Rights Act, Cal. Civ. Code § 1694 *et seq.*, and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, by charging a higher price for subscriptions to Tinder Plus and Tinder Gold to persons who were 29 years of age or older.  Kim filed the lawsuit on behalf of a class, seeking damages and restitution.

Defendants deny that there is any legal basis for Kim's claims or that Kim or any members of the Class have suffered injury or are entitled to monetary or other relief.  Defendants also deny that this case can be certified as a class action, except for purposes of settlement.

The Court has not determined whether Kim or Defendants are correct.

## Why Is This Case Being Settled?

This case was filed on April 20, 2018, and since then Kim and Defendants, through their counsel, have investigated each other's claims and defenses.  After attending a mediation before a former California Superior Court judge, the parties and their counsel determined that the settlement described below is preferable to incurring the risks and costs of further litigation. Kim and her counsel are satisfied that the terms and conditions of the proposed settlement are fair, reasonable, adequate, equitable, and in the best interest of the Class Members.  On [DATE], the Court preliminarily approved the settlement and authorized the parties to provide this Notice of the settlement to the Class.

## What Can I Get In The Settlement?

Subject to final Court approval, every Class Member who does not ask to be excluded will automatically receive a one-time allotment of 50 Super Likes at no cost, so long as the Member has a Tinder account at the time of the allotment.  That allotment is worth $50, with each Super Like valued at its selling price of $1.  In addition, every Class Member may elect one

---

[1]     Pursuant to a merger in 2017, the assets and liabilities of Tinder, Inc. were acquired by Match Group, LLC.

of the following forms of additional compensation: (a) $25; (b) an allotment of 25 additional Super Likes at no cost (worth $25 based on the individual selling price for Super Likes), so long as the Member has a Tinder account at the time of the allotment; or (c) a free one-month subscription to Tinder Plus or Tinder Gold, so long as the Member is not already a subscriber when the subscription would be activated. (Whether Members who choose the free subscription option receive Tinder Plus or Tinder Gold will depend on which service the Member had previously purchased; Members who purchased both services will receive a subscription to Tinder Gold.)

**Do I Need To Make A Claim?**

You do not need to make a claim to receive the 50 Super Likes. After the Effective Date of the settlement (which will occur at or after the time the Court finally approves the settlement), Tinder will automatically credit your account with an allotment of 50 Super Likes. If you no longer have a Tinder account, you will need to create one, using the same email address that you used when creating your original Tinder account, before the Effective Date of the settlement.

You do need to make a claim to receive one of the three additional benefits described above. To make a claim, you must complete a claim form, which is available at the settlement website [hyperlinked]. You can complete the form online, or you can print it, fill it out and mail it to the address shown on the form. Claim forms are due by [30 days after Final Approval].

**What Do Kim And Her Lawyers Get?**

To date, Kim's counsel have not been compensated for any work or out-of-pocket expenses on this case. As part of the settlement, Kim's counsel may apply to the Court for an award of up to $1,200,000 in attorneys' fees, plus reasonable costs and expenses, to be paid by Defendants. In addition, Kim may apply to the Court for an award of up to $5,000 as an incentive for having taken the time, effort and risk in pursuing the lawsuit and for executing a broader release of claims than other Class Members.

Kim and her counsel will apply to the Court no later than [insert date] for an award of attorneys' fees, costs, and expenses and a plaintiff incentive award. The Court will determine the amount of fees, costs, expenses, and incentive to award, up to the limits set forth above.

**What Claims Are Released By The Settlement?**

The settlement releases all claims by Class Members who do not exclude themselves from the settlement against Defendants and their affiliates that were or could have been asserted in the lawsuit regarding age-based pricing for Tinder Plus or Tinder Gold. This release includes claims that may not yet be known or suspected.

**How Do I Exclude Myself From The Settlement?**

You can exclude yourself from the Class if you want to be able to sue Defendants separately for the claims released by the settlement. However, if you exclude yourself, you will not receive any benefits offered in the settlement or be permitted to object to the settlement.

To exclude yourself, mail a letter that includes (i) your name, (ii) your current address and telephone number, (iii) the email address or telephone number associated with the Tinder account through which you purchased Tinder Plus or Tinder Gold, (iv) a statement that you want to be excluded from the settlement in *Kim v. Tinder, Inc., et al.*, U.S.D.C., C.D. Cal., Case No. 2:18-cv-03093-JFW-AS, and (v) a statement, followed by your signature, that "I declare under penalty of perjury that I purchased a subscription to Tinder Plus or Tinder Gold during the Class Period, that I was least 29 years old and resided in California at the time of the purchase, and that

2

I wish to exclude myself from the Class settlement." The letter must be postmarked by [30 days after Notice Date] and mailed to counsel for Kim and Defendants at the following addresses:

- Counsel for Kim:  Todd Friedman and Adrian Bacon, Law Offices of Todd M. Friedman P.C., 21550 Oxnard Street,
  Suite 780, Woodland Hills, CA 91367.
- Counsel for Defendants:  Robert Platt and Donald Brown, Manatt Phelps & Phillips, LLP, 11355 W. Olympic Blvd., Los Angeles, CA 90064.

**How Do I Object To The Settlement?**

If you are a Class Member and believe the settlement is unfair or inadequate, you may object to the settlement by filing a written Objection with the court. The Objection must include (i) the case name and number, *Kim v. Tinder, Inc., et al.*, U.S.D.C., C.D. Cal., Case No. 2:18-cv-03093-JFW-AS, (ii) your name, (iii) your current address and telephone number, (iv) the email address or telephone number associated with the Tinder account through which you purchased Tinder Plus or Tinder Gold, (v) an explanation of why you object to the settlement, including any supporting documentation, (vi) a list, including case name and number, of all cases in which you previously submitted an objection to a class action settlement, either for yourself or on behalf of someone else, and (vii) a statement, followed by your signature, that "I declare under penalty of perjury that I purchased a subscription to Tinder Plus or Tinder Gold during the Class Period, that I was least 29 years old and resided in California at the time of the purchase, and that I wish to object to the settlement."

In addition to an Objection, you may ask for permission to speak at the final approval hearing by filing with the Court a "Notice of Intent to Appear in *Kim v. Tinder, Inc. et al.*, Case No. 2:18-cv-03093-JFW-AS." The Notice of Intent to Appear must include your name, address, telephone number, signature, and the reason for requesting an opportunity to appear.

The deadline for filing the Objection and, if applicable, the Notice of Intent to Appear is [30 days after Notice Date]. Furthermore, to be effective, the Objection and, if applicable, the Notice of Intent to Appear must also be mailed to counsel for Kim and Defendants—at the addresses noted above—postmarked no later than [30 days after Notice Date].

**When Will The Court Decide If The Settlement Is Approved?**

The Court will hold a final approval hearing on [INSERT] to consider whether to approve the settlement. The hearing will be held in Courtroom 7A of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, CA 90012. The hearing is open to the public. However, only Class Members who have filed a Notice of Intent to Appear may address the Court.

**How Do I Get More Information?**

Documents connected with this case will be posted on the settlement website, at www._____.com. You can also obtain information by contacting Kim's counsel at Law Offices of Todd M. Friedman P.C., 21550 Oxnard Street, Suite 780, Woodland Hills, CA 91367 (216-220-6496).

Do not call or contact the Court concerning this notice, the settlement or the lawsuit.

**EXHIBIT 3**

John P. Kristensen (SBN 224132)
David L. Weisberg (SBN 211675)
Christina M. Le (SBN 237697)
**KRISTENSEN WEISBERG, LLP**
12450 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: 310-507-7924
Fax: 310-507-7906
john@kristensenlaw.com
david@kristensenlaw.com
christina@kristensenlaw.com

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Telephone: (216) 220-6496
Facsimile: (866) 633-0028
tfriedman@attorneysforconsumers.com
abacon@attorneysforconsumers.com

*Attorneys for Plaintiff and all others similarly situated*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA KIM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TINDER, INC., a Delaware corporation; MATCH GROUP, LLC, a Delaware limited liability company; MATCH GROUP, INC., a Delaware corporation; and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No. CV 18-03093 JFW (AS)<br><br>Hon. John F. Walter<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hearing Date: [INSERT]<br>Hearing Time: 1:30 p.m.<br>Courtroom: 7A |

1

1    Plaintiff Lisa Kim ("Plaintiff") has moved the Court for final approval of a
2  proposed class action settlement, the terms and conditions of which are set forth in
3  the Class Action Settlement Agreement filed with the Court on [DATE] (Dkt. No.
4  ___) ("Agreement").

5    Having considered all matters submitted to it at the hearing on the motion
6  and otherwise, including the complete record of this action, and good cause
7  appearing therefor, the Court hereby finds and concludes as follows:

8    1.   The capitalized terms used in this Order shall have the same
9  meaning as defined in the Agreement except as otherwise expressly provided.

10    2.   The Court has jurisdiction over this Litigation, the claims raised in
11  the Litigation, and the Parties.

12    3.   The Court finds that the prerequisites of Federal Rule of Civil
13  Procedure 23(a) and (b)(3) have been satisfied for certification of the Settlement
14  Class for settlement purposes because: the Settlement Class Members are too
15  numerous to be joined in a single action; common issues of law and fact exist and,
16  for the limited purposes of settlement, predominate; the claims of the Class
17  Representative are typical of the claims of the Settlement Class Members; the Class
18  Representative and Class Counsel have fairly and adequately protected the interests
19  of the Settlement Class Members; and class treatment is superior to alternative
20  means of resolving, for settlement purposes, the claims and disputes at issue in this
21  Litigation.

22    4.   For purposes of approval of the Settlement and this Final Approval
23  Order and Judgment, the Court certifies the Settlement Class, which consists of
24  every person in California who subscribed to Tinder Plus or Tinder Gold during the
25  period between March 2, 2015 and [DATE OF PRELIMINARY APPROVAL] and
26  at the time of the subscription was at least 29 years old and was charged a higher
27  rate than younger subscribers, except for persons who have timely opted out of the
28  Settlement Class.

5.    For the purpose of the Settlement, the Court hereby certifies Law Offices of Todd M. Friedman, P.C., and Kristensen Weisberg, LLP as Class Counsel.

6.    The Parties complied in all material respects with the Notice plan set forth in Part IV of the Agreement.  The Court finds that the Notice plan, which was effectuated pursuant to the Preliminary Approval Order, constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Settlement Class of the nature and pendency of the Litigation; the existence and terms of the Agreement; the Settlement Class Members' rights to make claims, opt out, or object; and the matters to be decided at the hearing on Final Approval. Further, the Notice plan satisfies the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.  Defendants provided notice of the Settlement to the appropriate state and federal government officials and filed with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

7.    The Court has determined that full opportunity has been given to the Settlement Class Members to opt out of the Settlement, object to the terms of the Settlement or to Class Counsel's request for attorneys' fees, costs, and expenses and incentive award to Plaintiff, and otherwise participate in the hearing on Final Approval held on [          ], 2019.  The Court has considered all submissions and arguments made at the Final Approval hearing provided by Settlement Class Members objecting to the Settlement as well as the Parties' responses to those objections, and has determined, taking into account the reasons set forth in the Parties' responses, that none of the objections has any merit or warrants disapproval of the Settlement.  All such objections to the Settlement are overruled.

8.    The Court finds that the Settlement is in all respects fair, reasonable and adequate. The Court therefore finally approves the Settlement for the reasons set forth in the motion for Final Approval including, but not limited to, the fact that

the Agreement was the product of informed, arms'-length negotiations between competent, able counsel and conducted with the oversight and involvement of an independent, well respected, and experienced mediator; counsel for the Parties had an adequate opportunity to evaluate and consider the strengths and weaknesses of their clients' respective positions; the Litigation involved vigorously disputed claims, underscoring the uncertainty of the outcome in this matter and the risks of continued litigation; the Settlement provides meaningful relief and monetary benefits for the Settlement Class Members; and the Parties were represented by highly qualified counsel who vigorously and adequately represented their respective clients' interests.

9. The Settlement is in the best interests of the Settlement Class taking into account the extent of the relief obtained in relation to the risks faced by the Settlement Class Members in continuing to litigate their claim. The relief provided under the Agreement is appropriate as to the individual members of the Settlement Class and to the Settlement Class as a whole. All statutory and constitutional requirements necessary to effectuate the Settlement have been met and satisfied. The Parties shall effectuate the Agreement in accordance with its terms.

10. By operation of this Final Approval Order and Judgment, Plaintiff and Plaintiff Releasors, on the one hand, and the Released Parties, on the other hand, shall have unconditionally, completely, and irrevocably released and forever discharged each other from and shall be forever barred from instituting, maintaining, prosecuting or asserting any and all claims, liens, debts, demands, rights, actions, suits, causes of action, controversies, costs, expenses, attorneys' fees, obligations, damages or liabilities of any nature whatsoever, whether individual, class or representative, whether legal, equitable, administrative, direct, indirect or otherwise, and whether known or unknown, whether arising under any international, federal, state or local statute, ordinance, common law, regulation, principle of equity or otherwise, that actually were, or could have been, asserted in

the Litigation or that relate in any manner to an allegation that subscribers to Tinder Plus or Tinder Gold were charged different prices based on their age.

11. By operation of this Final Approval Order and Judgment, all Settlement Class Members shall have unconditionally, completely, and irrevocably released and forever discharged the Released Parties from and shall be forever barred from instituting, maintaining, prosecuting or asserting any and all claims, liens, debts, demands, rights, actions, suits, causes of action, controversies, costs, expenses, attorneys' fees, obligations, damages or liabilities of any nature whatsoever, whether individual, class or representative, whether legal, equitable, administrative, direct, indirect or otherwise, and whether known or unknown, whether arising under any international, federal, state or local statute, ordinance, common law, regulation, principle of equity or otherwise, that actually were, or could have been, asserted in the Litigation or that relate in any manner to an allegation that subscribers to Tinder Plus or Tinder Gold were charged different prices based on their age.

12. "Plaintiff Releasors" means Plaintiff's predecessors, successors, assigns, personal representatives, attorneys, and family members.

13. "Released Parties" means Defendants and their respective current and former subsidiaries, parents, affiliates, divisions, officers, directors, members, managers, shareholders, insurers, employees, agents, attorneys, legal representatives, heirs, predecessors, successors, and assigns.

14. Plaintiff and the Settlement Class Members shall, by operation of this Final Approval Order and Judgment, be deemed to have waived the provisions, rights and benefits of California Civil Code section 1542, and any similar law of any state or territory of the United States or principle of common law. Section 1542 provides:

> A general release does not extend to claims which the
> creditor does not know or suspect to exist in his or her

1    favor at the time of executing the release, which if known

2    by him or her must have materially affected his or her

3    settlement with the debtor.

4         15.  Nothing herein shall bar any action or claim to enforce the terms of

5    the Agreement.

6         16.  No action taken by the Parties, either previously or in connection

7    with the negotiations or proceedings connected with the Agreement, shall be

8    deemed or construed to be an admission of the truth or falsity of any claims or

9    defenses heretofore made or an acknowledgment or admission by any Party of any

10   fault, liability or wrongdoing of any kind whatsoever to any other Party.  Neither

11   the Agreement nor any act performed or document executed pursuant to or in

12   furtherance of the Settlement: (a) is or may be deemed to be or may be used in any

13   proceeding in any court, administrative agency, or other tribunal as an admission of,

14   or evidence of, the validity of any claim made by the Settlement Class Members or

15   Plaintiff's Counsel, or of any wrongdoing or liability of the persons or entities

16   released under the Agreement, or (b) is or may be deemed to be or may be used in

17   any proceeding in any court, administrative agency, or other tribunal as an

18   admission of, or evidence of, any fault or omission of any of the persons or entities

19   released under the Agreement.  Defendants' agreement not to oppose the entry of

20   this Final Approval Order and Judgment shall not be construed as an admission or

21   concession by Defendants that class certification was or would be appropriate in the

22   Litigation or would be appropriate in any other action.

23        17.  For the reasons stated in the Court's separate order on Class

24   Counsel's application for an award of attorneys' fees, costs, and expenses and an

25   incentive award to Plaintiff, and in accordance with the terms of the Agreement, the

26   following amounts shall be paid by Defendants:

27        a.  Fees, costs and expenses to Class Counsel: $_____

28        b.  Incentive award to Plaintiff: $_____

321454069.1                     6                    [PROPOSED] ORDER OF FINAL
                                                     APPROVAL OF SETTLEMENT

1        18.  Except as provided in this Order, Plaintiff shall take nothing against

2    Defendant by her First Amended Complaint, and final judgment shall be entered

3    thereon, as set forth in this Order.

4        19.  Without affecting the finality of the Judgment hereby entered, the

5    Court reserves jurisdiction over the implementation of the Agreement.

6        20.  Without further order of the Court, the Parties may agree to

7    reasonable extensions of time to carry out any provisions of the Agreement.

8        21.  There is no just reason for delay in the entry of this Judgment, and

9    immediate entry by the Clerk of the Court is expressly directed pursuant to Rule

10   54(b) of the Federal Rules of Civil Procedure.

11

12       IT IS SO ORDERED this _____ day of _____, 2019.

13

14

15                         _____
                           HON. JOHN F. WALTER
16                         UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 4

### *Kim v. Tinder, Inc., et al.*
### Class Action Settlement Claim Form

To make a claim under the settlement, you must fully complete and submit this form, which requires you to (1) provide your name and current contact information, (2) select one of three benefits under the settlement, (3) certify that you resided in California at the time you purchased Tinder Plus or Tinder Gold during the Class Period and were at least 29 years of age at the time of purchase, (4) provide the email address and/or telephone number associated with the Tinder account through which the purchase was made, and (5) authorize Defendants to obtain verification from Apple or Google, as applicable, that you paid for and did not receive a refund for your Tinder Plus or Tinder Gold subscription. All information will be kept private. It will not be disclosed to anyone other than the Court, the Settlement Administrator, the Parties in this case, and Apple or Google, as applicable, and will be used only to administer this settlement.

### Current Contact Information

You must provide the following information to be eligible for one of the benefits described below:

First Name: _____   Last Name: _____

Mailing Address: _____

City: _____   State: _____   Zip Code: _____

Email Address: _____   Phone Number: _____

### Benefit Selection

This form allows you to select one of three benefits under the settlement (in addition to the 50 Super Likes that you will automatically receive, subject to the terms of the Settlement Agreement). You will only receive the benefit that you have selected if your claim is verified, the Court approves the settlement, and you satisfy the requirements for receiving the particular benefit, which are stated below. All such benefits will be provided within 45 days after the settlement's Effective Date. Please save a copy of this completed form for your records. **For further information, visit [settlement website].**

Please indicate by checking the adjacent box which of the following benefits you would like to receive (and please read any related requirements carefully):

[ ]   A $25 check to be mailed by the Settlement Administrator to the address you provided above.

[ ]   A deposit of 25 additional Super Likes (worth $25, with each Super Like valued at its selling price of $1) into your Tinder account. This option will only be available if you have a Tinder account during the 45-day period after the Effective Date.

[ ]   A one-month subscription to Tinder Plus (valued at $19.99) or Tinder Gold (valued at $29.99), depending on which of those services you previously purchased. This option will only be available if you have a Tinder account during the 45-day period after the Effective Date and are not already a subscriber at that time.

321444512.1

**Certification of Residence and Age When Previously Subscribing**

In order to qualify for the benefit you have selected, you must certify the following under penalty of perjury under the laws of the United States:

1.      I purchased a subscription to [ ] Tinder Plus [ ] Tinder Gold during the Class Period—that is, between March 2, 2015 and [DATE OF PRELIMINARY APPROVAL]. [*Check whichever box is applicable. You may check both boxes if you purchased both, but you will only receive one benefit (which, if you choose a one-month subscription, will be for Tinder Gold rather than Tinder Plus).*]

2.      At the time I purchased the subscription, I was a resident of California and lived at the following address:

Street Address: _____

City:_____ State: _____ Zip Code:_____

3.      At the time I purchased the subscription, I was at least 29 years old.

Signed: _____ Date: _____

**Tinder Account Information**

In order to qualify for the benefit you have selected, you also must provide the email address and/or telephone number associated with the Tinder account you were using when you purchased the subscription to Tinder Plus or Tinder Gold.  You must provide this information even if it is the same as your Current Contact Information.

Email Address associated with the Tinder account:_____

Phone Number associated with the Tinder account:_____

**Authorization to Contact Apple or Google**

In order to have a valid claim, you must have paid for a Tinder Plus or Tinder Gold subscription through your Apple or Google Play account.  For privacy protection reasons, Defendants must obtain your authorization to contact Apple or Google, as applicable, in order to verify that you paid for the subscription and that you did not receive a refund or chargeback of the subscription fees.  Therefore, please provide the information requested below and sign where indicated.

**Apple**

If you paid for your subscription through your Apple account, you must provide the following information, check the authorization box, and sign the authorization:

Apple ID:_____

Name on Apple ID Account:_____

Email Address associated with the Apple ID Account: _____

-2-

[  ]    I hereby authorize Defendants to contact Apple in order to verify that I paid a subscription to Tinder Plus or Tinder Gold during the Class Period and that I did not receive a refund or chargeback of the subscription fees.

Signed: _____    Date: _____

**Google**

If you paid for your subscription through your Google Play account, you must provide the following information, check the authorization box, and sign the authorization:

Google Play ID:_____

Name on Google Play ID Account:_____

Email Address associated with the Google Play ID Account: _____

[  ]    I hereby authorize Defendants to contact Google in order to verify that I paid a subscription to Tinder Plus or Tinder Gold during the Class Period and that I did not receive a refund or chargeback of the subscription fees.

Signed: _____    Date: _____

**How to Submit the Claim Form**

You may either complete this claim form online through the Settlement Website or mail the completed claim form to: Settlement Administrator, [address].  If you submit the claim form by U.S. Mail or a delivery service, it is highly recommended that you use a method by which you can prove the form was timely delivered to the Settlement Administrator, such as certified mail with a return receipt. The Parties and the Settlement Administrator are not responsible for lost or undelivered mail.

**Deadline to Submit the Claim Form**

The deadline for submitting this claim form is [DATE].  If you mail the claim form, the transmission must be postmarked by that date.

321444512.1