John P. Kristensen (SBN 224132)
David L. Weisberg (SBN 211675)
Christina M. Le (SBN 237697)
**KRISTENSEN WEISBERG, LLP**
12450 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone:  310-507-7924
Facsimile:  310-507-7906
john@kristensenlaw.com
david@kristensenlaw.com
christina@kristensenlaw.com

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Telephone: (216) 220-6496
Facsimile: (866) 633-0028
tfriedman@toddflaw.com
abacon@toddflaw.com

*Attorneys for Plaintiff and all others similarly situated*

### THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LISA KIM, individually on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TINDER, INC., a Delaware corporation; MATCH GROUP, LLC, a Delaware limited liability company; MATCH GROUP, INC., a Delaware corporation; and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No.: 2-18-cv-03093-JFW-AS<br><br>**OBJECTION AND REPLY TO OPPOSITION FILED BY NON-PARTY ALLAN CANDELORE TO PLAINTIFF LISA KIM'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**<br><br>Date:        February 25, 2019<br>Time:        1:30 P.M.<br>Courtroom: 7A |

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES** ..................................... 1

**I.    INTRODUCTION** ............................................................................ 1

**II.   ADDITIONAL FACTS** .................................................................. 3

**III.  LEGAL ARGUMENT** ................................................................... 4

        **A.    Candelore's Opposition Is Procedurally Defective** ............ 4

        **B.    This Court Has the Jurisdiction to Address Plaintiff's Motion** ...................................................... 5

        **C.    The Settlement Does Not Violate the Due Process Rights of Absent Class Members** .................................. 6

        **D.    The Motion Should Be Granted, the Settlement Is Fair, Reasonable and Adequate Under Rule 23** ............ 7

            **1.    Plaintiff Has Not Hidden The "True Value" of Class Members' Claims** .................................. 8

            **2.    The Settlement Was a Result of Extensive Investigation and Negotiations Between the Parties and the Mediator** ................................. 9

            **3.    The Considerable Settlement Was a Product of Adversarial Arm's-Length Negotiations** ................. 11

**IV.   CONCLUSION** ........................................................................... 13

1

## __TABLE OF AUTHORITIES__

2

**Cases**

3

4
*In re Bluetooth Headset Prod. Liab. Litig.*,
        654 F.3d 935 (9th Cir. 2011)..................................................................12

5

6
*Amchem Prods. Inc. v. Windsor*,
        521 U.S. 591 (1997). .......................................................................5

7

8
*Britton v. Co-op Banking Group*,
        916 F.2d 1405 (9th Cir. 1990)........................................................6

9

10
*Candelore v. Tinder*,
        19 Cal.App.5th 1138 (2018).........................................................9

11

12
*Carter v. City of Los Angeles*,
        224 Cal.App.4th 808 (2014)....................................................10, 11

13

14
*Churchill Vill., L.L.C. v. Gen. Elec.*,
        361 F.3d 566 (9th Cir. 2004).........................................................7

15

16
*Diaz v. Trust Territory of Pac. Islands*,
        876 F.2d 1401 (9th Cir. 1989)........................................................4

17

18
*Elec. Equip. Express, Inc. v. Donald H. Seiler & Co.*,
        122 Cal.App.3d 834 (1981)...........................................................7

19

20
*Griggs v. Provident Consumer Disc. Co.*,
        459 U.S. 56 (1982) .......................................................................5

21

22
*Hanlon v. Chrysler Corp.*,
        150 F.3d 1011 (9th Cir. 1998)........................................................7

23

24
*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
        227 F.R.D. 553 (W.D. Wash. 2004)................................................4

25

26
*Jones v. Wells Fargo Bank, N.A.*,
        No. B237282, 2015 WL 661757 (Cal. Ct. App. 2015).........................9, 12

27

28

*Minton v. Cavaney*,
    56 Cal.2d 576 (1961).................................................................7

*Moralez v. Whole Foods Market, Inc.*,
    897 F.Supp.2d 987 (N.D. Cal. Sept. 24, 2012) ...........................9

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) .................................................4

*Norgart v. Upjohn Co.*,
    21 Cal.4th 383 (1999).................................................................7

*Tait v. BSH Home Appliances Corp.*,
    No. SACV 10-0711-DOC (ANx), 2015 WL 4537463 (C.D. Cal. July 27, 2015)............................................................................................12

*United States v. Claiborne*,
    727 F.2d 842 (9th Cir. 1984) .......................................................5

*United States v. Vonn*,
    535 U.S. 55 (2002) ......................................................................8

*West v. Circle K Stores, Inc.*,
    No. 04-0438, 2006 WL 1652598 (E.D. Cal. June 13, 2006) .......4

**Statutes**

Cal. *Bus. & Prof. Code* § 17203 ...........................................................11

Cal. *Civ. Code* § 52 .............................................................................11

**Rules**

Fed. R. Civ. P. 23.................................................................1, 5, 7, 8, 11

Fed. R. Civ. P. 24.................................................................................5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Lisa Kim and her counsel have presented before this Court a class settlement for approval that was the product of thorough, informed and arm's-length negotiations between experienced attorneys familiar with the legal and factual issues of this case, fully informed of all pertinent facts, and with the guidance and oversight of one of the most respected mediators in Southern California. The settlement is fair, reasonable, and adequate within the meaning of Rule 23, such that this Court should grant certification of the Class and order preliminary approval of the settlement.

Allan Candelore ("Candelore"), who is not a party to this case, and his counsel, have filed an "opposition" to Plaintiff's motion, requesting that the Court deny the motion and stay any further consideration of Plaintiff's matter pending the resolution of his own case which asserts similar completing Class claims. The Court should ignore Candelore's opposition because it is procedurally defective, premature and violates the mandatory class action procedures set forth in Fed. R. Civ. P. 23. Candelore's opposition aka "objection" to the motion was made prior to certification of the Class, prior to notice being ordered and prior to a fairness hearing set pursuant to Rule 23, the time in these set procedures when all objections would be addressed. Moreover, Candelore has, by his own admission, failed to file a motion to intervene and explicitly disclaims any intention to intervene. As a non-party to this suit who has not intervened in the action, his papers should be ignored.

The Court should also reject the objection because the substantive arguments are meritless and distract from the real issue before this Court, which is to preliminarily determine whether the settlement that was reached was fair, reasonable and adequate for the class within the meaning of Rule 23. Candelore's argument that the scope of the settlement violates due process because it extends

beyond the two-year statute of limitation for Plaintiff's Unruh Act claim is based on a false premise. As a matter of law, the statute of limitation is an affirmative defense, which defendants waived to resolve this matter, as they are entitled to. Candelore's claim that this is a "collusive" "reverse auction" is based wholly on unsupported conjecture and is contrary to the facts before the Court. Plaintiff obtained a considerable settlement, which includes monetary relief, relief that is automatically available to every active Class Member, and easily available to every single Class Member by simply re-activating their account, and meaningful injunctive relief. Candelore seeks now to use his particular situation, where he and only a small fraction of the Class Members were not subject to arbitration, to undermine a considerable, meaningful and robust class settlement benefiting 230,000 consumers. Candelore argues that Plaintiff has undervalued the settlement, yet ignores that the values given are the result of thorough investigation and thoughtful communications and negotiations between counsel for the parties and the mediator. Candelore should opt out of the settlement if he is upset.[1]

Candelore erroneously argues that the automatic receipt of "Super Likes" for every Class Member provides little benefit. This is wrong. Super Likes are a commodity used with great regularity by Tinder users, especially those users who are inclined to purchase premium services from Tinder, i.e. the Class Members. This form of negotiated relief was directly and narrowly targeted towards the exact types of consumers who would be inclined to place the most monetary value on such services. Those Class Members who no longer have accounts still have access to these "Super Likes" by re-activating their accounts, where the "Super Likes" will remain available for use. Candelore's attack on the claims-

---

[1] Candelore also grossly deflates the value of settlement, by assuming that damages provided by the Unruh Act should be calculated per month, rather than per person. This multiple-offense viewpoint is unsupported by California law.

1   made process is also unwarranted, and indicative of the fact that his counsel have

2   conducted no investigation or discovery into certification issues, including that

3   there would need to be a self-identification component to any certification of this

4   matter, due to Class Members needing to confirm their age, status as users, that

5   they were residents of California at the time they purchased Tinder premium

6   services, whether they have received any refund for their purchases, and their

7   current address (as Tinder does not have that information and is unable to make

8   payments directly to Tinder users). None of this information is within Tinder's

9   knowledge or possession. Candelore discounts the value of the injunctive relief

10  obtained by Plaintiff, which provides a significant value to the Class and goes to

11  the heart of this lawsuit – to prevent Tinder from continuing its allegedly illegal

12  practice of age discrimination.[2]

13      This Motion comes down to only one thing: "is the settlement fair and

14  reasonable to the 230,000 class members on whose behalf Kim has proposed

15  resolving the matter?" Candelore's attorneys want to undermine this considerable

16  settlement for questionable reasons, which ultimately should not be considered at

17  this time, as the arguments are procedurally improper and premature.

18  Accordingly, this Court should grant certification and preliminary approval of the

19  settlement.

20  **II.   ADDITIONAL FACTS**

21      After settlement was reached, the parties stipulated to notifying the Court

22  of the Appeal of the pending settlement, and to continue the appeal deadlines

23  while the parties seek to have the settlement approved in the District Court. On

24  December 10, 2019, the parties filed a joint motion requesting the Court to

25

26  _____

    [2] Candelore makes a throwaway argument that this Court was divested of jurisdiction because

27  of the pending appeal. A district court is only divested of jurisdiction insofar as, without
    divestiture, both the district court and appellate court would simultaneously deal with the same

28  issue. Here, the Court is addressing the settlement while the appeal is addressing a motion to
    compel arbitration.

1   extend the appellate briefing deadlines, and the Court granted the order on
2   December 11, 2019. Ninth Circuit, Case No. 18-5590, Dkt. Nos. 13 and 14. The
3   parties also stipulated to lifting the stay in the District Court, to allow for the
4   parties to seek approval of the settlement, which relief was granted. Dkt. Nos. 49
5   and 50.

6   ## III.   LEGAL ARGUMENT

7   ### A.   Candelore's Opposition Is Procedurally Defective

8       The Court must reject Candelore's Opposition because it is procedurally
9   defective, premature and in violation of the mandatory class action procedures set
10  forth in Rule 23. Candelore also is not a party to this action, and even by his own
11  admission in his brief, disclaims any intention to intervene. Each of these
12  circumstances render the Opposition procedurally improper.

13      Rule 23 provides that the approval of a class action settlement takes place
14  in two stages. In the first stage of the approval process, "'the court preliminarily
15  approve[s] the Settlement pending a fairness hearing, temporarily certifie[s] the
16  Class . . ., and authorize[s] notice to be given to the Class.'" *West v. Circle K*
17  *Stores, Inc.,* No. 04-0438, 2006 WL 1652598, at *2 (E.D. Cal. June 13, 2006)
18  (quoting *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553,
19  556 (W.D. Wash. 2004)). At this stage, the court will only "determine[] whether
20  a proposed class action settlement deserves preliminary approval" and lay the
21  ground work for a future fairness hearing. *Nat'l Rural Telecomms. Coop. v.*
22  *DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). At the fairness hearing,
23  after notice is given to putative class members, the court will entertain any of
24  their objections to (1) the treatment of this litigation as a class action and/or (2)
25  the terms of the settlement. *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d
26  1401, 1408 (9th Cir. 1989). Following the fairness hearing, the court will make a
27  final determination as to whether the parties should be allowed to settle the class
28  action pursuant to the terms agreed upon. *DIRECTV, Inc.*, 221 F.R.D. at 525. For

the sake of judicial efficiency, all objections should be addressed by the Court and the parties at the same time. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

Candelore's Opposition to the Motion was made prior to certification of the Class, prior to notice being ordered and a fairness hearing set pursuant to Rule 23, the time in these set procedures when all objections would be addressed. These procedures were set for the sake of judicial efficiency and the expectation of all parties involved, allowing for all objections to the settlement be addressed by the Court and the parties at the same time. Thus, the Court must reject Candelore's Opposition in its entirety because it is procedurally defective and/or premature.

The Court must also reject Candelore's Opposition because he has no standing. Candelore filed an objection to the settlement before the time to do so, wherein he requested the Court stay this matter pending resolution of Candelore's own case. Candelore is not a party to this action. To file a motion at all, Candelore would have to first file a motion to intervene pursuant to Rule 24. He expressly stated in his brief that he chose not to do so. Dkt. No. 54 at 8:20-28. Candelore's Opposition must therefore be rejected.

### B.   This Court Has the Jurisdiction to Address Plaintiff's Motion

"The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co*., 459 U.S. 56, 58 (1982). The "divestiture of jurisdiction rule is not based upon statutory provisions or the rules of civil or criminal procedure. Instead, it is a judge made rule originally devised in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. Claiborne,* 727 F.2d 842, 850 (9th Cir. 1984). An appeal from a District Court on a specific

issue does not deprive the District Court from addressing other issues before the Court. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990) (appeal from order denying arbitration does not deprive court of jurisdiction to enter default judgment).

Candelore erroneously claims that this Court was divested of the jurisdiction to hear this matter during the pending appeal. However, a district court is only divested of such jurisdiction insofar as, without divestiture, both the district court and appellate court would simultaneously deal with the same issue. Here, this is not the case because this District Court would be addressing the class settlement while the appeal is addressing whether the case should be compelled to arbitration. In addition, Candelore ignores that the parties stipulated to return jurisdiction from the Appeal to this Court to seek finalization of the settlement, with the Court of Appeal granting the order, conditionally waiving the appeal. Furthermore, the District Court ordered that the stay on the matter due to its prior ruling on the arbitration motion be lifted, to allow for the parties to specifically file this motion and seek finalization of the settlement. This is a non-issue.

### C.   The Settlement Does Not Violate the Due Process Rights of Absent Class Members

As indicated in Plaintiff's Motion, the proposed Settlement Class consists of "*Every California subscriber to Tinder Plus or Tinder Gold, who at the time of subscribing was at least 29 years old and was charged a higher rate than younger subscribers*" for Class Period of March 2, 2015 through the date the Court grants preliminary approval of the settlement (Motion, Dkt. No. 54 at 1:25-29). Candelore's argument that the scope of the settlement violates due process because it sweeps in claims that extend before the two-year statute of limitation for Plaintiff's Unruh Act claim is fallacious, as it is based on a false premise.

Under California law applicable to the Unruh Act, Courts recognize that the statute of limitation is an affirmative defense held by a defendant to a claim.[3]

In the instant matter, the Defendants agreed to waive the statute of limitation for purposes of settlement to resolve this matter, as they are entitled to. Thus, reference by Candelore to various arguments and cases disputing that Plaintiff could properly represent the Class based on the statute of limitation do not apply to the circumstances of this settlement. The entire due process argument, which Candelore puts at the forefront of his Motion, is based on a false premise.

**D.    The Motion Should Be Granted, the Settlement Is Fair, Reasonable and Adequate Under Rule 23**

"The claims, issues, or defenses of a certified class may be settled . . . only with the court's approval." Fed. R. Civ. P. 23(e). "Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998). In addition, Rule 23(e) "requires the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." *Id.* at 1026. Under Ninth Circuit precedent, the district court must balance a number of factors in this analysis: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Churchill Vill., L.L.C. v. Gen. Elec.,* 361 F.3d 566, 575 (9th Cir. 2004).

---

[3] *Norgart v. Upjohn Co.*, 21 Cal.4th 383, 396 (1999); *see Minton v. Cavaney*, 56 Cal.2d 576, 581 (1961) (as an affirmative defense, the statute of limitations is waived if not raised by the defendant); *Elec. Equip. Express, Inc. v. Donald H. Seiler & Co.*, 122 Cal.App.3d 834, 845 (1981) ("the right to assert a substantive defense such as the statute of limitations can nevertheless be waived").

Recent amendments to Rule 23 require the district court to consider a similar list of factors, namely, whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).[4]  This Settlement was the product of thorough, informed and arms-length negotiations between experienced attorneys familiar with the legal and factual issues of this case, and who collectively have been approved as adequate class counsel in dozens of cases, by contested motion and by settlement. Judge Louis M. Meisinger (ret.), one of the most respected mediators in California, oversaw negotiations and issued a mediator's proposal to resolve the matter. The settlement is fair, reasonable, and adequate within the meaning of Rule 23 such that this Court should grant preliminary approval of the settlement.

### 1.  Plaintiff Has Not Hidden The "True Value" of Class Members' Claims

Candelore claims that Plaintiff failed to inform the Court of the true value of the action because she did not cite to *Candelore v. Tinder*, 19 Cal.App.5th

---

[4] "Courts have generated lists of factors" to determine the fairness, reasonableness, and adequacy of a settlement, and that "each circuit has developed its own vocabulary for expressing these concerns." Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment. *see also United States v. Vonn*, 535 U.S. 55, 64 n.6 (2002) ("[T]he Advisory Committee Notes provide a reliable source of insight into the meaning of a rule."). Accordingly, the Court applies the framework set forth in Rule 23, while continuing to draw guidance from the Ninth Circuit's factors and relevant precedent. The Court bears in mind, moreover, the Advisory Committee's instruction not to let "[t]he sheer number of factors . . . distract both the court and the parties from the central concerns that bear on review under Rule 23(e)(2)." Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment.

1138 (2018). It is unclear what the citation of that case adds to the analysis. Plaintiff negotiated under the assumption that Tinder's alleged practices were unlawful. The risk in the case did not stem from merits concerns, but from procedural hurdles, including arbitration, and risk to class certification. This was fully explained in the opening papers, and accurately so. To suggest that citation to the *Candelore* opinion would somehow change the analysis is short sighted, as any attorney familiar with class action litigation would acknowledge.

### 2.    The Settlement Was a Result of Extensive Investigation and Negotiations Between the Parties and the Mediator

Candelore argues Plaintiff undervalued the settlement, yet ignores that the values given are the result of thorough investigation and thoughtful communications and negotiations between counsel for the parties and the mediator. Candelore ignores that Plaintiff was able to successfully obtain a considerable and unprecedented Unruh Act settlement that covered three sources of relief: (1) monetary relief under the Unruh Act in the form of statutory penalties; (2) restitutionary relief providing a refund for the unlawful premiums charged to users age 29 or older; and (3) public injunctive relief to halt on Tinder's allegedly unlawful age based pricing discrimination scheme.

Before delving into the settlement, it is important to realize that there is no precedent for valuing an Unruh Class action in the manner in which Candelore values this case. For the Court's benefit, Plaintiff points to the following cases where preliminary approval was granted in an Unruh Act class action:

- *Moralez v. Whole Foods Market, Inc.*, 897 F.Supp.2d 987 (N.D. Cal. Sept. 24, 2012) (referring to a separate class action settlement which was approved, establishing $500,000 settlement fund to be distributed between a potential settlement pool of 32,465 class members - $16 per class member);
- *Jones v. Wells Fargo Bank, N.A.*, No. B237282, 2015 WL 661757 (Court of Appeal, Second District, Division 7, California Feb. 17, 2015) (affirming Unruh Act class action trial judgment where a jury awarded $3.52 million in damages between 7,348 class members - $479 each);

- *Carter v. City of Los Angeles*, 224 Cal.App.4th 808 (2014) (injunction class settlement under Unruh Act upheld as fair and reasonable, but releasing the rights of class members to bring claims – no money provided to the class).

As demonstrated by these settlements that have been approved by courts, including appellate courts, the settlement at bar is fair and reasonable.

Candelore argues that the automatic receipt of "Super Likes" for every Class Member provides no benefit because Tinder members who no longer have accounts do not get this benefit. Candelore fails to recognize that these specific Class Members still have access to these "Super Likes" by simply re-activating their accounts, where the "Super Likes" will remain for their use. Moreover, Class Members are individuals who are inclined to pay for Tinder's premium services, despite Tinder otherwise being a free application, and thus, are exactly the type of consumer who are more inclined to already be in the market to purchase Super Likes, another premium Tinder service. This benefit was targeted towards the exact market of people who would be inclined to otherwise purchase it, and thus is a form of commodity, not a "coupon" as Candelore suggests.

Candelore also criticizes the claims-made process, but this too is unwarranted. Tinder does not have perfect information on Class Member identity, merely email addresses, certain representations about age, which may or may not be accurate, and some data on where the users were searching for matches, which suggests, but cannot establish, their state of residency. To verify these data points, and to obtain the personal information needed before Tinder can process payments to Class Members, there needs to be a self-identification process, otherwise there is a risk people who are not class members and suffered no injury receive benefits.

Finally, Candelore unreasonably discounts the value of the public injunctive relief obtained by Plaintiff, which provides a significant value to the Class Members and is relief that goes to the primary purpose of this lawsuit – to

1  prevent Tinder from continuing its alleged illegal practice of further price

2  discrimination based on age. Injunctive relief is part of Rule 23(b)(2), making it a

3  *procedural* remedy available in this case. Additionally, the California Legislature

4  clearly felt this was an important *substantive* remedy for consumers in UCL and

5  Unruh Act litigation. *See* Cal. *Bus. & Prof. Code* § 17203; Cal. *Civ. Code* §

6  52(c)(3).[5] Moreover, the majority of class action settlements in the Unruh Act

7  have been primarily geared towards injunctive relief. E.g., *Carter*, 224

8  Cal.App.4th at 808. Candelore's view that this injunction has no value is

9  meritless.

#### 3. The Considerable Settlement Was a Product of Adversarial Arm's-Length Negotiations

Candelore's counsel does not, and cannot point to any actual evidence of

12  collusion between Plaintiff and Defendants in negotiating the settlement of this

13  matter, because there wasn't any. The case was resolved at mediation with Judge

14  Meisinger, a well-respected mediator, former judge of the Superior Court of

15  California, and former general counsel of Disney, who is familiar with the law

16  and procedure of this case and is renowned for his skill in class action

17  negotiations. The mediation lasted until past 8:00 p.m. and was highly

18  adversarial. Attorneys' fees were never discussed until the final hour of

19  mediation, *after* the Class Members' recovery had been exhaustively negotiated.

20  There is no common fund in this case. The fees requested will not be paid out of

21  Class Member recovery, and will be subject to scrutiny of the Court. That is an

22  issue for final approval.

---

[5] "Whenever there is reasonable cause to believe that any person or group of persons is engaged in conduct of resistance to the full enjoyment of any of the rights described in this section . . . any person aggrieved by the conduct may bring a civil action . . . . A request for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order against the person or persons responsible for the conduct, as the complainant deems necessary to ensure the full enjoyment of the rights described in this section." Candelore asks the Court to ignore this part of the statute and pretend this relief is of no value.

KRISTENSEN WEISBERG LLP
Attorneys for Plaintiffs

"One inherent risk [in class action settlements] is that class counsel may collude with the defendants, 'tacitly reducing the overall settlement in return for a higher attorney's fee.'" *In re Bluetooth Headset Prod. Liab. Litig.,* 654 F.3d 935 (9th Cir. 2011). Respected courts which are highly mindful of the risks set forth under *Bluetooth* have emphasized that the risk of litigation, experience of counsel, notice plan, structure of the settlement, and adequacy of recovery all play an important role in determining whether to grant approval of a settlement. Such courts have approved settlements involving claims made structures, with clear sailing provisions, over the objections of class members. *Tait v. BSH Home Appliances Corp.*, No. SACV 10-0711-DOC (ANx), 2015 WL 4537463 (C.D. Cal. July 27, 2015).

The settlement was the product of thorough,[6] adversarial, and informed negotiations between experienced attorneys familiar with the legal and factual issues of this case, and before an experienced mediator. Candelore is all too willing to ignore the fact that 95% of the Class Members signed arbitration agreements, that certification was not at all a certainty, or that aggregated penalties could be reduced at trial, like they were in *Jones*. Candelore won a single plaintiff appeal at the demurrer stage and he now thinks his class case is a slam dunk at both the class certification stage and on the merits. That's not how litigation works. This settlement is considerable, providing robust monetary relief, automatic recovery of non-coupon targeted benefits, and meaningful injunctive relief.  There is too much risk to the 230,000 Class Members to deny approval, as Candelore and his lawyers seem all too eager to promote.

---

[6] While true that the case settled relatively early, Plaintiff conducted all necessary investigation to evaluate the risks to the case.  For all intents and purposes, there was very little formal discovery needed in this matter.

**IV.    CONCLUSION**

   For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order preliminarily approving the Settlement and certifying a class for settlement purposes.


Dated:  February 11, 2019          **KRISTENSEN WEISBERG, LLP**

                              By:  */s/ John P. Kristensen*
                                   John P. Kristensen

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this eleventh day of February 2019, the foregoing document titled OBJECTION AND REPLY TO OPPOSITION FILED BY NON-PARTY ALLAN CANDELORE TO LISA KIM'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS will be served in accordance with the Court's CM/ECF system, which will send notification of such filing and a true copy of the foregoing document by notice via email to the ECF participants of record.

*/s/Vanessa Brahm*
Vanessa Brahm