Note Changes Made by Court

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA KIM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TINDER, INC., a Delaware corporation; MATCH GROUP, LLC, a Delaware limited liability company; MATCH GROUP, INC., a Delaware corporation; and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No. CV 18-03093 JFW (AS)<br><br>Hon. John F. Walter<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiff Lisa Kim ("Plaintiff") has moved the Court for preliminary approval of a proposed class action settlement, the terms and conditions of which are set forth in the Class Action Settlement Agreement filed with the Court on January 20, 2019 (Dkt. No. 52-1 Ex A) ("Agreement").

Having considered all matters submitted to it, including the complete record of this action, and good cause appearing therefor, the Court hereby finds and concludes as follows:

1. The capitalized terms used in this Order shall have the same meaning as defined in the Agreement except as otherwise expressly provided.

2. The Court preliminarily approves the settlement provided for in the Agreement (the "Settlement") as potentially warranting final approval, and as meriting submission to the Settlement Class for its consideration.

3.     For purposes of potential approval of the Settlement only, the Court certifies the Settlement Class, which consists of every person in California who subscribed to Tinder Plus or Tinder Gold during the period between March 2, 2015 and March 1, 2019 and at the time of the subscription was at least 29 years old and was charged a higher rate than younger subscribers, except those who timely opt out of the Settlement Class.

4.     The Court preliminarily finds, solely for purposes of considering the Settlement, that the requirements of Federal Rule of Civil Procedure 23 are conditionally satisfied, including that the Settlement Class Members are too numerous to be joined in a single action; that common issues of law and fact exist and predominate; that the claims of the Class Representative are typical of the claims of the Settlement Class Members; that the Class Representative and Class Counsel can adequately protect the interests of the Settlement Class Members; and that class treatment is superior to alternative means of resolving the claims and disputes at issue in this Litigation, as set forth in greater detail in the Court's Order at Dkt. No. 60, which is incorporated by reference herein.

5.     The Court conditionally designates Law Offices of Todd M. Friedman, P.C., and Kristensen Weisberg, LLP as class counsel ("Class Counsel") and Plaintiff as Class Representative for purposes of considering the Settlement. The Court preliminarily finds that the Class Representative and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members.  The Court designates and approves Epiq to serve as Settlement Administrator.

6.     Not later than April 22, 2019, Plaintiff and Class Counsel may make a written application to the Court for an award of attorneys' fees, costs, and expenses and an incentive award to Plaintiff.

7.     A Final Approval hearing shall be held before this Court at 1:30 p.m. on June 17, 2019, at the United States District Court for the Central District of

1 California, to address: (a) whether the proposed Settlement should be finally
2 approved as fair, reasonable and adequate, and the Final Approval order should be
3 entered, and (b) whether the application for attorneys' fees, costs, and expenses and
4 incentive award to Plaintiff should be approved.

5       8.    The Court approves, as to form and content, the Notice submitted to
6 the Court on March 8, 2019 (Docket No. 61-2) and the Claim Form substantially
7 similar to the form attached as Exhibit 4 to the Agreement (Docket No. 52-1). The
8 Parties shall have discretion to jointly make non-material minor revisions to the
9 form of notice before dissemination. Duties regarding settlement and claim
10 administration, including, but not limited to, notice and related procedures, shall be
11 performed by the Settlement Administrator, subject to the oversight of the Parties
12 and the Court as described in the Agreement.

13       9.    A Settlement Website shall be operative no later than the Notice
14 Date. The Settlement Website shall contain downloadable copies of this
15 Preliminary Approval order and the motion papers submitted in support thereof, the
16 Notice, the Agreement, the Claim Form, and, when filed, the application for
17 attorneys' fees, costs, and expenses and incentive award to Plaintiff.

18       10.   By April 5, 2019, the Settlement Administrator shall send the Notice
19 by email to the Settlement Class Members. Notice shall also be posted on the
20 Settlement Website.

21       11.   The Court finds that the Parties' plan for providing notice to the
22 Settlement Class as set forth in Part IV of the Settlement Agreement (the "Notice
23 Plan") will provide the best practicable notice in the circumstances, is reasonably
24 calculated to provide notice to the Settlement Class of the pendency of the
25 Litigation, the certification of the Settlement Class, the terms of the Agreement, and
26 the Final Approval hearing, and complies fully with the requirements of Federal
27 Rule of Civil Procedure 23, the United States Constitution, and any other applicable
28 law.

1	12.	Any Settlement Class Member who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Agreement, must, by May 6, 2019, submit, pursuant to the instructions set forth in the Notice and on the Settlement Website, a timely and valid written request for exclusion, received (not postmarked) no later than May 6, 2019.  No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization that predates receipt of the Notice, and no one may exclude other persons within the Settlement Class as a group, class, or in the aggregate.

13.	At least 14 days prior to the hearing on Final Approval, the Parties shall prepare a list of the names of the persons who, pursuant to the procedures described in the Agreement, have excluded themselves from the Settlement Class in a valid and timely manner, and shall file that list with the Court.  The Court retains jurisdiction to resolve any disputed exclusion requests.

14.	Any member of the Settlement Class who elects to be excluded shall not receive any benefits of the Settlement, shall not be bound by the terms of the Agreement, and shall have no standing to object to the Settlement or intervene in the Litigation.

15.	Any Settlement Class Member who does not submit a valid and timely request for exclusion may object to the Agreement.  Any such Settlement Class Member shall have the right to appear and be heard at the Final Approval hearing, either personally or through an attorney retained at the Settlement Class Member's own expense.  Any such Settlement Class Member must file with the Court and serve upon Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth in the Notice a written objection to the Settlement ("Objection").  The Objection must satisfy the requirements set forth in Section 4.7 of the Agreement and must be filed and served no later than May 6, 2019.  Any Settlement Class

Member who does not submit a timely Objection in accordance with the Agreement and as set forth herein shall not be considered to have filed a valid objection to the Settlement.

16. Any Settlement Class Member who wishes to appear at the Final Approval hearing must file a notice of his or her intention to do so with the Court and contemporaneously serve it upon Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth in the Notice no later than May 6, 2019.

17. The Parties shall file their motions for Final Approval no later than May 13, 2019 and their reply in support of that motion and responses to any objections and requests to intervene no later than June 3, 2019.

18. In the event that the proposed Settlement is not finally approved by the Court, or in the event that the Agreement becomes null and void pursuant to its terms, this Preliminary Approval order and all orders entered in connection herewith shall become null and void, shall be of no further force or effect, and shall not be used or referred to for any purposes whatsoever in this Litigation or in any other case or controversy; in such event, the Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Agreement.

19. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members. The Final Approval hearing may, from time to time and without further notice to the Settlement Class Members, be continued by order of the Court.

IT IS SO ORDERED this 12th day of March, 2019.

_____
HON. JOHN F. WALTER
UNITED STATES DISTRICT JUDGE