1  Danielle E. Leonard (Cal. Bar No. 218201)
   ALTSHULER BERZON LLP
2  177 Post Street, Suite 300
   San Francisco, CA 94108
3  Telephone: (415) 421-7151
4  Facsimile: (415) 362-8064
   Email:     dleonard@altber.com
5

6  Kimberly A. Kralowec (Cal. Bar No. 163158)
   KRALOWEC LAW, P.C.
7  750 Battery Street, Suite 700
   San Francisco, CA 94111
8  Telephone: (415) 546-6800
   Facsimile: (415) 546-6801
9  Email:     kkralowec@kraloweclaw.com

10
   Alfred G. Rava (Cal. Bar No. 188318)
11 RAVA LAW FIRM
   3667 Voltaire Street
12 San Diego, CA 92106
   Telephone: (619) 238-1993
13 Facsimile: (619) 374-7288
14 Email:     alrava@cox.net

15 *Attorneys for Objectors Rich Allison and Steve Frye*

16              UNITED STATES DISTRICT COURT
17              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 18  LISA KIM, individually on behalf of herself and all others similarly situated, | Case No. 2:18-CV-03093 JFW (AS) |
| 19                          Plaintiff, | **OBJECTION OF RICH ALLISON TO CLASS ACTION SETTLEMENT; DECLARATION OF RICH ALLISON** |
| 20       v. | |
| 21  TINDER, INC., a Delaware Corporation; MATCH GROUP, LLC, a Delaware limited liability company; MATCH GROUP, INC., a Delaware corporation; and DOES 1 through 10, inclusive, and each of them, | **Accompanying Documents:** Memorandum in Support; Objection of Steve Frye; Declarations of Kim Kralowec, Allan Candelore, Danielle Leonard; Notice of Intent to Appear; Objection to Evidence |
| 22 | |
| 23 | |
| 24 | |
| 25                          Defendants. | Date:  June 17, 2019 |
| 26 | Time:  1:30 p.m. |
| 27 | Place: Courtroom 7A |
| 28 | Hon. John F. Walter |

## **OBJECTION OF RICH ALLISON TO CLASS ACTION SETTLEMENT; DECLARATION OF RICH ALLISON IN SUPPORT THEREOF**

I, Rich Allison, declare as follows:

1. I have personal knowledge of all matters stated herein and could competently testify thereto if called as a witness, except as to those matters asserted upon information and belief.

2. I file this Objection to the proposed settlement and release of age discrimination claims against the Defendants for the unlawful discriminatory pricing of Tinder Plus, and in response to the requirements of the Notice addressed "TO TINDER USERS IN CALIFORNIA WHO SUBSCRIBED TO TINDER PLUS OR TINDER GOLD BETWEEN MARCH 2, 2015 AND MARCH 1, 2019 AND WERE AT LEAST 29 YEARS OLD AT TIME OF PURCHASE," in the case called "*Kim v. Tinder, Inc., et al.*, U.S.D.C. (C.D. Cal, Case No. 2:18-cv-03093-JFW-AS."

3. I am a citizen and resident of California. I am a disabled former Captain of the U.S. Marines. I became a paid subscriber to Tinder, Inc.'s Tinder Plus premium service in March of 2015. I was over the age of 29 and a resident of California when I subscribed to and paid for Tinder Plus. I was charged and paid $19.99 per month for Tinder Plus in March, April and May of 2015. I understand that this is more than the amount that Tinder Plus charged younger users for the same product and I believe this violates California law. Attached hereto as **Exhibit A** is a true and accurate copy of a screenshot that I made of my Google Play records showing my March, April and May of 2015 payments through Google Play for Tinder Plus.

4. My current mailing address is located in San Diego, California (address as filed limited pursuant to Local Rule 5.2-1) and my current telephone number is 619-512-3068. The email address associated with my Tinder account is rich@honoringourtroops.org. I may be contacted through my attorneys, whose

addresses and telephone numbers are stated above.

5. I am objecting to the proposed settlement in this case because I believe this settlement is unreasonable, inadequate, and unfair to the class members, including myself. I am objecting on behalf of the entire class, as well as for the specific subset of proposed class members who purchased Tinder Plus before July 31, 2015, and the specific subset of proposed class members who purchased Tinder Plus before April 12, 2016. I am also objecting to the proposed compensation to Plaintiff's counsel in this case as grossly excessive in comparison to their inadequate representation and very minimal work. The reasons for my objections are stated and explained in full in the accompanying Memorandum in support of this Objection prepared by my attorneys and approved by me, as well as the accompanying additional supporting documentation.

6. I have never previously submitted an objection to a class action settlement, either for myself or for someone else.

7. I have never agreed to any arbitration agreement with Tinder. When I first signed up for Tinder Plus in March of 2015, I was not presented with any Tinder "Terms of Use" at any point during the sign-up process; I was not prompted to click on any button stating that I agreed to any Tinder "Terms of Use"; and I did not agree to be bound by any Tinder "Terms of Use."

8. After May of 2015, I cancelled my subscription to Tinder Plus and deleted the Tinder app from my phone. I recently reinstalled and attempted to open up the Tinder app on my phone, to help assess the value of the proposed settlement and what Tinder was offering me. Tinder's sign-up process is now different than when I signed up in 2015. Unlike before, a pop-up screen now appears when I open the app. The screen states that in order to use the app, I would have to click a button stating that I agree to Tinder's "Terms of Use." I then read these "Terms of Use," and they state that if I agree to them, I would be forced to "retroactively" agree to arbitrate any claims I may have against Tinder, including identifying

several pending lawsuits by name, and that I would also have to waive my rights to pursue any form of damages from Tinder. I am unwilling to agree to Tinder's "Terms of Use" and risk waiving any of these rights. But because of the way Tinder's app is now set up, I cannot use the app unless I click the button stating that I "agree."

9. I understand that the proposed settlement is offering class members who have current Tinder accounts "Super Likes" to use on the app. These "Super Likes" are being offered at the cost of agreeing to Tinder's oppressive "Terms of Use," and therefore are of no value at all to anyone like me who refuses to agree to user terms that require waiving legal rights, or who has no further interest in using this product.

10. I am not a current Tinder Plus user and I do not intend to be. The aspects of the proposed settlement that require a current Tinder account are of no use or value to me.

11. I declare under penalty of perjury that I purchased a subscription to Tinder Plus or Tinder Gold during the Class Period, that I was at least 29 years old and resided in California at the time of the purchase, and that I wish to object to the settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on May 6, 2019 at San Diego, California.

Rich Allison

-3-
OBJECTION AND DECLARATION OF RICH ALLISON, CASE NO. 2:18-CV-03093 JFW (AS)

# EXHIBIT A

| | Google Play Apps<br>May 25, 2015 · Tinder Plus (Tinder) | -$19.99 |
|---|---|---|
| | Google Play Apps<br>Apr 25, 2015 · Tinder Plus (Tinder) | -$19.99 |
| | Google Play Apps<br>Mar 24, 2015 · Tinder Plus (Tinder) | -$19.99 |