UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA KIM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TINDER, INC., a Delaware corporation; MATCH GROUP, LLC, a Delaware limited liability company; MATCH GROUP, INC., a Delaware corporation; and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No. CV 18-03093 JFW (AS)<br><br>Hon. John F. Walter<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiff Lisa Kim ("Plaintiff") has moved the Court for final approval of a proposed class action settlement, the terms and conditions of which are set forth in the Class Action Settlement Agreement filed with the Court on January 20, 2019 (Dkt. No. 52-1, Ex. A) ("Agreement").

Having considered all matters submitted to it at the hearing on the motion and otherwise, including the complete record of this action, and good cause appearing therefor, the Court hereby finds and concludes as follows:

1. The capitalized terms used in this Order shall have the same meaning as defined in the Agreement except as otherwise expressly provided.

2. The Court has jurisdiction over this Litigation, the claims raised in the Litigation, and the Parties.

3. The Court finds that the prerequisites of Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied for certification of the Settlement Class for settlement purposes because: the Settlement Class Members are too numerous to be joined in a single action; common issues of law and fact exist and, for the limited purposes of settlement, predominate; the claims of the Class Representative are typical of the claims of the Settlement Class Members; the Class Representative and Class Counsel have fairly and adequately protected the interests of the Settlement Class Members; and class treatment is superior to alternative means of resolving, for settlement purposes, the claims and disputes at issue in this Litigation.

4. For purposes of approval of the Settlement and this Final Approval Order, the Court certifies the Settlement Class, which consists of every person in California who subscribed to Tinder Plus or Tinder Gold during the period between March 2, 2015 and March 1, 2019 and at the time of the subscription was at least 29 years old and was charged a higher rate than younger subscribers, except for persons who have timely opted out of the Settlement Class.

5. For the purpose of the Settlement, the Court hereby certifies Law Offices of Todd M. Friedman, P.C., and Kristensen Weisberg, LLP as Class Counsel.

6. The Parties complied in all material respects with the Notice plan set forth in Part IV of the Agreement. The Court finds that the Notice plan, which was effectuated pursuant to the Preliminary Approval Order, constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Settlement Class of the nature and pendency of the Litigation; the existence and terms of the Agreement; the Settlement Class Members' rights to make claims, opt out, or object; and the matters to be decided at the hearing on Final Approval. Further, the Notice plan satisfies the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. Defendants provided notice of the Settlement to the appropriate state and federal government officials and filed with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

7. The Court has determined that full opportunity has been given to the Settlement Class Members to opt out of the Settlement, object to the terms of the Settlement or to Class Counsel's request for attorneys' fees, costs, and expenses and incentive award to Plaintiff, and otherwise participate in the hearing on Final Approval held on June 17, 2019. The Court has considered all submissions and arguments made at the Final Approval hearing provided by Settlement Class Members objecting to the Settlement as well as the Parties' responses to those objections, and has determined, taking into account the reasons set forth in the Parties' responses, that none of the objections has any merit or warrants disapproval of the Settlement. All such objections to the Settlement are overruled.

8. The Court finds that the Settlement is in all respects fair, reasonable and adequate. The Court therefore finally approves the Settlement for the reasons set forth in the motion for Final Approval including, but not limited to, the fact that

the Agreement was the product of informed, arms'-length negotiations between competent, able counsel and conducted with the oversight and involvement of an independent, well respected, and experienced mediator; counsel for the Parties had an adequate opportunity to evaluate and consider the strengths and weaknesses of their clients' respective positions; the Litigation involved vigorously disputed claims, underscoring the uncertainty of the outcome in this matter and the risks of continued litigation; the Settlement provides meaningful relief and monetary benefits for the Settlement Class Members; and the Parties were represented by highly qualified counsel who vigorously and adequately represented their respective clients' interests.

9. The Settlement is in the best interests of the Settlement Class taking into account the extent of the relief obtained in relation to the risks faced by the Settlement Class Members in continuing to litigate their claim. The relief provided under the Agreement is appropriate as to the individual members of the Settlement Class and to the Settlement Class as a whole.  All statutory and constitutional requirements necessary to effectuate the Settlement have been met and satisfied. The Parties shall effectuate the Agreement in accordance with its terms.

10. By operation of this Final Approval Order, Plaintiff and Plaintiff Releasors, on the one hand, and the Released Parties, on the other hand, shall have unconditionally, completely, and irrevocably released and forever discharged each other from and shall be forever barred from instituting, maintaining, prosecuting or asserting any and all claims, liens, debts, demands, rights, actions, suits, causes of action, controversies, costs, expenses, attorneys' fees, obligations, damages or liabilities of any nature whatsoever, whether individual, class or representative, whether legal, equitable, administrative, direct, indirect or otherwise, and whether known or unknown, whether arising under any international, federal, state or local statute, ordinance, common law, regulation, principle of equity or otherwise, that actually were, or could have been, asserted in the Litigation or that relate in any

manner to an allegation that subscribers to Tinder Plus or Tinder Gold were charged different prices based on their age.

11. By operation of this Final Approval Order, all Settlement Class Members shall have unconditionally, completely, and irrevocably released and forever discharged the Released Parties from and shall be forever barred from instituting, maintaining, prosecuting or asserting any and all claims, liens, debts, demands, rights, actions, suits, causes of action, controversies, costs, expenses, attorneys' fees, obligations, damages or liabilities of any nature whatsoever, whether individual, class or representative, whether legal, equitable, administrative, direct, indirect or otherwise, and whether known or unknown, whether arising under any international, federal, state or local statute, ordinance, common law, regulation, principle of equity or otherwise, that actually were, or could have been, asserted in the Litigation or that relate in any manner to an allegation that subscribers to Tinder Plus or Tinder Gold were charged different prices based on their age.

12. "Plaintiff Releasors" means Plaintiff's predecessors, successors, assigns, personal representatives, attorneys, and family members.

13. "Released Parties" means Defendants and their respective current and former subsidiaries, parents, affiliates, divisions, officers, directors, members, managers, shareholders, insurers, employees, agents, attorneys, legal representatives, heirs, predecessors, successors, and assigns.

14. Plaintiff and the Settlement Class Members shall, by operation of this Final Approval Order, be deemed to have waived the provisions, rights and benefits of California Civil Code section 1542, and any similar law of any state or territory of the United States or principle of common law. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known

          by him or her must have materially affected his or her settlement with the debtor.

15. Nothing herein shall bar any action or claim to enforce the terms of the Agreement.

16. No action taken by the Parties, either previously or in connection with the negotiations or proceedings connected with the Agreement, shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgment or admission by any Party of any fault, liability or wrongdoing of any kind whatsoever to any other Party. Neither the Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used in any proceeding in any court, administrative agency, or other tribunal as an admission of, or evidence of, the validity of any claim made by the Settlement Class Members or Plaintiff's Counsel, or of any wrongdoing or liability of the persons or entities released under the Agreement, or (b) is or may be deemed to be or may be used in any proceeding in any court, administrative agency, or other tribunal as an admission of, or evidence of, any fault or omission of any of the persons or entities released under the Agreement. Defendants' agreement not to oppose the entry of this Final Approval Order shall not be construed as an admission or concession by Defendants that class certification was or would be appropriate in the Litigation or would be appropriate in any other action.

17. For the reasons stated in the Court's separate order on Class Counsel's application for an award of attorneys' fees, costs, and expenses and an incentive award to Plaintiff, and in accordance with the terms of the Agreement, the following amounts shall be paid by Defendants:

    a. Fees, costs and expenses to Class Counsel: $12,137.51

    b. Incentive award to Plaintiff: $5,000.00

18. Except as provided in this Order, Plaintiff shall take nothing against Defendant by her First Amended Complaint, and final judgment shall be entered thereon, as set forth in this Order.

19. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Agreement.

20. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Agreement.

21. There is no just reason for delay in the entry of the Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

June 19, 2019

_____
HON. JOHN F. WALTER
UNITED STATES DISTRICT JUDGE