**THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| LISA KIM, individually on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TINDER, INC., a Delaware corporation; MATCH GROUP, LLC, a Delaware limited liability company; MATCH GROUP, INC., a Delaware corporation; and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No.: 2-18-cv-03093-JFW-AS<br><br>Hon. John F. Walter<br><br>**[PROPOSED] JUDGMENT** |

On January 20, 2019, Plaintiff Lisa Kim ("Plaintiff") sought preliminary approval of a proposed class action settlement and filed with the Court the Class Action Settlement Agreement ("Agreement") (Dkt. No. 52-1, Ex. A). Defendants Tinder, Inc., Match Group, LLC, and Match Group, Inc. (collectively, "Defendants") served written notice of the proposed class action settlement pursuant to 28 U.S.C. § 1715.

All capitalized terms used in this Judgment have the meanings defined in this Judgment or in the Agreement, which is incorporated herein by reference.

After full consideration of the papers filed in support of and in opposition to the motion for preliminary approval, the Court found the matter to be appropriate for decision without oral argument and issued its Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class ("Preliminary Approval Order") (Dkt. No. 60). Pursuant to the Preliminary Approval Order, the Court, among other things: (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (Class Members) with respect to the claims in this Litigation; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff as the Class Representative; (iv) appointed Law Offices of Todd M. Friedman, P.C. and Kristensen Weisberg, LLP as Class Counsel; and (v) set the date and time for the Final Approval hearing for June 17, 2019 at 1:30 p.m.

On April 22, 2019, Class Counsel timely filed their Motion for Attorneys' Fees, Costs, and Incentive Awards ("Motion for Attorneys' Fees") (Dkt. No. 63).

On May 13, 2019, Class Counsel timely filed their Motion for Final Approval of Class Settlement ("Motion for Final Approval") (Dkt. No. 71), requesting final certification of the settlement class under Federal Rule of Civil Procedure 23(a) and (b)(3) and final approval of the class action settlement.

On June 17, 2019, a Final Approval Hearing was held to determine whether the Litigation satisfies the applicable prerequisites for class action treatment and

whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court.

The Court read and considered the Agreement, the Motion for Attorneys' Fees and all papers filed in support and in opposition thereto, the Motion for Final Approval and all papers filed in support and in opposition thereto, including the Objections filed, and the complete record in this Litigation. On June 19, 2019, the Court issued Orders granting the Motion for Attorneys' Fees and the Motion for Final Approval (Dkt. Nos. 90-92), good cause appearing therefor.

IT IS ORDERED, ADJUDGED, AND DECREED:

1. The Court has jurisdiction over this Litigation, the claims raised in this Litigation, and the Parties.

2. The prerequisites of Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied for certification of the Settlement Class for settlement purposes because: the Settlement Class Members are too numerous to be joined in a single action; common issues of law and fact exist, and for the limited purposes of settlement, predominate; the claims of the Class Representative are typical of the claims of the Settlement Class Members; the Class Representative and Class Counsel have fairly and adequately protected the interests of the Settlement Class Members; and class settlement is superior to alternative means of resolving, for settlement purposes, the claims and disputes at issue in this Litigation.

3. For purposes of approval of the Settlement and Final Approval Order, the Court certifies the Settlement Class, which consists of every person in California who subscribed to Tinder Plus or Tinder Gold during the period between March 2, 2015 and March 1, 2019 and at the time of the subscription was at least 29 years old and was charged a higher rate than younger subscribers, except for persons who have timely opted out of the Settlement Class.

4. The 238 persons who opted out pursuant to the procedures identified in the Notice and incorporated herein by reference will not form part of the

Settlement Class pursuant to the Agreement.

5. For the purpose of Settlement, the Court certifies as Class Counsel Law Offices of Todd M. Friedman, P.C. and Kristensen Weisberg, LLP.

6. The Parties complied in all material respects with the Notice plan set forth in Part IV of the Agreement. The Court finds that the Notice plan, which was effectuated pursuant to the Preliminary Approval Order, constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Settlement Class of the nature and pendency of the Litigation; the existence and terms of the Agreement; and the Settlement Class Members' rights to make claims, opt out, or object.

7. Full opportunity was given to the Settlement Class Members to opt out of the Settlement, object to the terms of the Settlement or the Class Counsel's request for attorneys' fees, costs, and expenses, and incentive award to Plaintiff, and otherwise participate in the hearing on Final Approval held on June 17, 2019. The Court considered all submissions and arguments made at, the Final Approval hearing provided by Settlement Class Members objecting to the Settlement, as well as the Parties' responses to those objections, and has determined, taking into account the reasons set forth in the Parties' responses, that none of the objections has any merit or warrants disapproval of the Settlement. All such objections were overruled.

8. The Court finds that the Settlement is fair, reasonable, and adequate. The Court therefore finally approves the Settlement for the reasons set forth in the Motion for Final Approval including, but not limited to, the fact that the Agreement was the product of informed, arms'-length negotiations between competent, able counsel and conducted with the oversight and involvement of an independent, well respected, and experienced mediator; counsel for the Parties had adequate opportunity to evaluate and consider the strengths and weaknesses of their clients' respective positions; the Litigation involved vigorously disputed claims,

underscoring the uncertainty of the outcome in this matter and the risks of continued litigation; the Settlement provides meaningful relief and monetary benefits to the Settlement Class Members; and the Parties were represented by highly qualified counsel who vigorously represented their respective clients' interests.

9. The Settlement is in the best interests of the Settlement Class taking into account the extent of the relief obtained in relation to the risks faced by the Settlement Class Members in pursuing their claims. The relief provided under the Agreement is appropriate as to the individual members of the Settlement Class as a whole. All statutory and constitutional requirements necessary to effectuate the Settlement have been met and satisfied. The Parties shall effectuate the Agreement in accordance with its terms.

10. By operation of the Final Approval Order, Plaintiff and Plaintiff Releasors, on the one hand, and the Released Parties, on the other hand, shall have unconditionally, completely, and irrevocably released and forever discharged each other from and shall forever be barred from instituting, maintaining, prosecuting or asserting any and all claims, liens, debts, demands, rights, actions, suits, causes of action, controversies, costs, expenses, attorneys' fees, obligations, damages or liabilities of any nature whatsoever, whether individual, class or representative, whether legal, equitable, administrative, direct, indirect or otherwise, and whether known or unknown, whether arising under any international, federal, state or local statute, ordinance, common law, regulation, principle of equity or otherwise, that actually were, or could have been, asserted in the Litigation or that relate in any manner to an allegation that subscribers to Tinder Plus or Tinder Gold were charged different prices based on their age.

11. By operation of the Final Approval Order, all Settlement Class Members shall have unconditionally, completely, and irrevocably released and forever discharged the Released Parties from and shall forever be barred from

instituting, maintaining, prosecuting or asserting any and all claims, liens, debts, demands, rights, actions, suits, causes of action, controversies, costs, expenses, attorneys' fees, obligations, damages or liabilities of any nature whatsoever, whether individual, class or representative, whether legal, equitable, administrative, direct, indirect or otherwise, and whether known or unknown, whether arising under any international, federal, state or local statute, ordinance, common law, regulation, principle of equity or otherwise, that actually were, or could have been, asserted in the Litigation or that relate in any manner to an allegation that subscribers to Tinder Plus or Tinder Gold were charged different prices based on their age.

12. "Plaintiff Releasors" means Plaintiff's predecessors, successors, assigns, personal representatives, attorneys, and family members.

13. "Released Parties" means Defendants and their respective current or former subsidiaries, parents, affiliates, divisions, officers, directors, members, managers, shareholders, insurers, employees, agents, attorneys, legal representatives, heirs, predecessors, successors, and assigns.

14. Upon the Effective Date, the Plaintiff and all members of the Settlement Class, except the excluded individuals who have opted out of the Settlement, shall have, by operation of this Judgment and the Final Approval Order, fully, finally and forever released, relinquished, and discharged Defendants from all claims as defined by the terms of the Settlement. Upon the Effective Date, all members of the Settlement Class shall be and are hereby permanently barred and enjoined from the institution or prosecution of any and all of the claims released under the terms of the Agreement.

15. Nothing herein shall bar any action or claim to enforce the terms of the Agreement.

16. No action taken by the Parties, either previously or in connection with the negotiations or proceedings connected with the Agreement, shall be deemed or

construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgement or admission by any Party of any fault, liability or wrongdoing of any kind whatsoever. Neither the Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used in any proceeding in any court, administrative agency, or other tribunal as an admission of, or evidence of, the validity of any claim made by the Settlement Class Members or Plaintiff's Counsel, or of any wrongdoing or liability of the persons or entities released under the Agreement, or (b) is or may be deemed to be or may be used in any proceeding in any court, administrative agency, or other tribunal as an admission of, or evidence of, any fault or omission of any of the persons or entities released under the Agreement. Defendants' agreement not to oppose the entry of the Final Approval Order shall not be construed as an admission or concession by Defendants that class certification was or would be appropriate in the Litigation or would be appropriate in any other action.

17. For the reasons stated in the Court's Order Granting Motion for Attorneys' Fees, Costs and Incentive Award, including that the hourly rates sought by Class Counsel are reasonable and the costs and expenses were reasonably incurred, in recognition of Plaintiff's efforts and risks taken on behalf of the Settlement Class, and in accordance with the terms of the Agreement, the following amounts shall be paid by Defendants:

a. Attorneys' Fees to Class Counsel in the total amount of $1,200,000.00.

b. Costs and expenses to Class Counsel in the total amount of $12,137.51.

c. Incentive Award to Plaintiff in the total amount of $5,000.00.

18. Except as expressly provided herein, Plaintiff shall take nothing against Defendant by her First Amended Complaint, and final judgment shall be

entered as set forth herein.

19. Judgment shall be entered with respect to all individual and class claims.

20. This Judgment is intended to be a final judgment disposing of the above-captioned action in its entirety.

21. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Agreement.

22. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Agreement.

23. There is no just reason for delay in the entry of the Judgment, and immediate entry by the Clerk of Court is expressly directed pursuant to Federal Rule of Civil Procedure 54(b).

IT IS SO ORDERED.

Dated: _________________

_______________________________
HON. JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business Address is 21550 Oxnard St., Suite 780, Woodland Hills, CA 91367.

On June 21, 2019, I served the following document(s) described as: [**PROPOSED] JUDGMENT**, on all interested parties in this action by placing:

[X] a true copy

[ ] the original thereof enclosed in sealed envelope(s) addressed as follows:

Alexandra Hill
ahill@manatt.com
Donald R. Brown
dbrown@manatt.com
Robert H. Platt
rplatt@manatt.com
Manatt Phelps and Phillips LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614

[X] **BY CM/ECF:** I transmitted the document(s) listed above electronically to the e-mail addresses listed above. I am readily familiar with the Court's CM/ECF system and the transmission was reported as complete, without error.

[X] STATE – I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 21, 2019, at Orange, California.

By: _/s/ Adrian R. Bacon
Adrian R. Bacon