| | |
|---|---|
| Name | Todd M. Friedman, Esq. |
| Address | 21550 Oxnard Street, |
| City, State, Zip | Woodland Hills, CA 91367 |
| Phone | 323-306-4234 |
| Fax | 866-633-0228 |
| E-Mail | tfriedman@toddflaw.com |

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Lisa Kim

PLAINTIFF(S),

v.

Tinder, Inc., et. al.

DEFENDANT(S).

CASE NUMBER:

2:18-cv-03093-JFW-AS

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that _____Lisa Kim_____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
   Granting motion to compel arbitration

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on ____7/12/18____. Entered on the docket in this action on ____7/12/18____.

A copy of said judgment or order is attached hereto.

| | |
|---|---|
| August 30, 2021 | /s Todd M. Friedman Esq. |
| Date | Signature |
| | ☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk |

Note:   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party.  Also, if not electronically filed in a criminal case,  the Clerk shall be furnished a sufficient number of copies of the Notice of  Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA KIM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TINDER, INC., a Delaware corporation; MATCH GROUP, LLC, a Delaware limited liability company; MATCH GROUP, INC., a Delaware corporation; and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No. CV 18-03093 JFW (AS)<br><br>Hon. John F. Walter<br><br>**STATEMENT OF DECISION** |

## STATEMENT OF DECISION

I.     **FACTUAL AND PROCEDURAL HISTORY**

    A.     **Factual Background**

Defendants Tinder, Inc., Match Group, LLC, and Match Group, Inc.'s (collectively, "Tinder") own and operate a free, smartphone-based dating app called Tinder. (Declaration of Jonathan Badeen ("Badeen Decl."), ¶¶ 2-3.) The app displays profiles of other users and allows a user to swipe right on another user's profile to express interest or left to express disinterest. (*Id.*, ¶ 2.) In March 2015, Tinder released a suite of premium features called Tinder Plus that is available for a monthly fee. (*Id.*)

Tinder requires a user to create an account before accessing any feature of the app. (Badeen Decl., ¶ 4.) Permission to create an account and use the app has, in turn, always been conditioned on the user's agreement to the Terms of Use ("TOU"). (*Id.*) The TOU has always been available for review any time within the app. (*Id.*)

Since 2014, the TOU has included an arbitration agreement that requires all disputes (except small-claims matters) arising out of or relating to the TOU or Tinder's services to be resolved through binding arbitration, and waives any right to participate in a class or representative action:

> **Arbitration Agreement.** The exclusive means of resolving any dispute or claim arising out of or relating to this Agreement (including any alleged breach thereof) or the Service shall be BINDING ARBITRATION administered by the American Arbitration Association. The one exception to the exclusivity of arbitration is that you have the right to bring an individual claim against the Company in a small-claims court of competent jurisdiction. But whether you choose arbitration or small-claims court, you may not under any circumstances commence or

|   |   |
|---|---|
| 1 | maintain against the Company any class action, class |
| 2 | arbitration, or other representative action or proceeding. |

(Badeen Decl., ¶ 5 and Ex. 1, ¶ 18, Ex. 2, ¶ 19 (emphasis in original).)

Plaintiff created a Tinder account on October 10, 2013. (Badeen Decl., ¶ 7.) On April 13, 2015, Plaintiff created a second account. (*Id.*) On July 31, 2015, Tinder added a disclosure to its login screen that informed users that by continuing to use the service, they were agreeing to Tinder's TOU. (*Id.*, ¶ 6.) The screen stated that by tapping Log In, the user agrees to the TOU. The disclosure was directly above the Log In button and provided a clear hyperlink in the disclosure to the then-current TOU. (*Id.*, Ex. 3.)

On February 21, 2017, Plaintiff purchased a subscription to Tinder Plus. (Badeen Decl., ¶ 7.) On February 23, 2017 and March 4, 2017, Plaintiff tapped to log in to her account. (*Id.*)

### B. Procedural History

On April 12, 2018, Plaintiff filed her Complaint, alleging a single cause of action for violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51 *et seq*. [Dkt. No. 1.] On June 11, 2018, Tinder filed its Motion to Compel Arbitration or Stay Under *Colorado River* Abstention ("Motion"). [Dkt. No. 24.] On June 22, 2018, Plaintiff filed a First Amended Complaint ("FAC"), which added a cause of action for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. [Dkt No. 30.] On June 25, 2018, Plaintiff filed an Opposition to Tinder's Motion, and Tinder filed a Reply on July 2, 2018. [Dkt. Nos. 32 and 33.]

## II. LEGAL STANDARD

Tinder's arbitration agreement -- addressed in detail below -- provides that it is governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. ("FAA"). (Badeen Decl., Ex. 1, ¶ 18, Ex. 2, ¶ 19.) An FAA choice-of-law provision in an arbitration agreement is enforceable. *Brennan v. Opus Bank*, 796 F.3d 1125, 1129-31 (9th Cir. 2015). Moreover, the FAA governs this case even without a choice-of-law provision

because Tinder's TOU "evidenc[es] a transaction involving commerce." 9 U.S.C. § 2; *see Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

"The FAA provides that any arbitration agreement within its scope 'shall be valid, irrevocable, and enforceable.'" *Chiron*, 207 F.3d at 1130 (quoting 9 U.S.C. § 4). On a motion to compel arbitration, a district court's role is limited to determining whether a valid agreement to arbitrate exists and—unless the question is contractually delegated to the arbitrator -- determining whether the agreement encompasses the parties' dispute. *See id.*; *Brennan*, 796 F.3d at 1132 ("a court must enforce an agreement that . . . clearly and unmistakably delegates arbitrability questions to the arbitrator"). The FAA "leaves no place for the exercise of discretion by the district court." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Rather, "the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron*, 207 F.3d at 1130.

### III. DISCUSSION

#### A. Plaintiff Consented to the TOU, and Her Consent Is Binding.

There are three generally recognized methods of obtaining consent to terms of use: clickwrap, browsewrap, and a hybrid known as "browsewrap-that-resembles-clickwrap" or "sign-up wrap." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175-76 (9th Cir. 2014). In a sign-up wrap agreement, the consumer must click an "I agree" box or otherwise clearly manifest consent to the terms of use, while the terms themselves are accessible via hyperlink. *Id.* at 1176-77. Tinder uses a sign-up wrap. Plaintiff consented to the TOU by tapping the Tinder Log In button directly below a disclosure that clearly explained that doing so constituted agreement to the TOU, which itself was accessible via a hyperlink in the disclosure. (*See* Badeen Decl., ¶ 6.)

This method of consent is fully enforceable. *See Nguyen*, 763 F.3d at 1177; *Graf v. Match.com, LLC*, 2015 WL 4263957, at *4 (C.D. Cal. July 10, 2015). In

addition, Tinder provided sufficient evidence that Plaintiff consented to the TOU (and thus, the TOU's arbitration agreement) through this method. Tinder provided a declaration with documentary exhibits establishing that, on multiple occasions after July 31, 2015, Plaintiff logged in to her Tinder account through a login screen on her phone which stated that tapping the Log In button would constitute consent to the TOU (and thus the TOU's arbitration agreement). On each occasion, the screen provided a prominent hyperlink to the TOU, which Plaintiff was free to review if she desired.

In light of Tinder's evidence that Plaintiff consented to the arbitration agreement, the burden shifted to Plaintiff to affirmatively rebut such evidence. *See Sundquist v. Ubiquity, Inc.*, 2017 WL 3721475, at **2-3 (S.D. Cal. Jan. 17, 2017). Plaintiff failed to do so. Instead, Plaintiff argued that Tinder should be required to provide additional evidence regarding her login, and made a vague request for unspecified discovery. However, vague requests to pursue unspecified discovery are insufficient as a matter of law to defeat a motion to compel arbitration. *See, e.g., Hodsdon v. DirecTV, LLC*, 2012 WL 5464615, at *8 (N.D. Cal. Nov. 8, 2012)

Accordingly, the Court concludes that Plaintiff accepted, and is bound by, the arbitration agreement.

**B.     Issues of Arbitrability Were Delegated to the Arbitrator.**

The arbitration agreement states that claims or disputes between the parties shall be determined in arbitration administered by the American Arbitration Association ("AAA"). (Badeen Decl., Ex. 1, ¶ 18, Ex. 2, ¶ 19.) The AAA Rules state that the question of arbitrability is for the arbitrator -- and, thus, not for the court. (*See* Request for Judicial Notice ("RJN"), Ex. 1, R-14(a).)[1] Where, as in this case, an arbitration agreement incorporates AAA Rules, a provision in the Rules delegating

---

[1] The Court grants Tinder's Request for Judicial Notice.

4                                    STATEMENT OF DECISION

the question of arbitrability to the arbitrator is enforceable. *Brennan*, 796 F.3d 1125.

Accordingly, the Court need not, and should not, determine questions of arbitrability, such as whether Plaintiff's claims are within the scope of the parties' arbitration agreement[2] because those determinations have been properly delegated to the arbitrator for determination.

### C. This Case Is Subject To Arbitration.

In her Opposition, Plaintiff, relying heavily on *McGill v. Citibank, N.A.,* 2 Cal. 5th 945 (2017), argues that this dispute is not subject to arbitration. The Court disagrees for three reasons: (i) Plaintiff is seeking a private, not public, injunction; (ii) the arbitration agreement does not bar claims for injunctive relief, public or otherwise; and (iii) the so-called *Broughton-Cruz rule* is invalid.

#### 1. Plaintiff Is Not Seeking a Public Injunction.

In *McGill*, the California Supreme Court held that a provision in a contract that waives the statutory remedy of public injunctive relief is unenforceable. A public injunction affects the public as a whole, whereas a private injunction affects only an individual or a limited section of the public. *McGill*, 2 Cal. 5th at 955. The dispute in this case concerns whether Tinder may charge a higher price for access to its optional premium features of its app to users who are at least thirty years of age. In the UCL claim alleged in her FAC, Plaintiff seeks an injunction that would prevent Tinder from basing the price for those features, known as Tinder Plus, on this age distinction. An injunction that purports to control only the price charged to users of Tinder's dating app who wish to subscribe to Tinder Plus and are age 30 or over is clearly one that would not affect the public at large and, therefore, would only qualify

---

[2] It is nonetheless clear that the arbitration agreement encompasses the claims at issue in this case because Plaintiff agreed to arbitrate "any dispute or claim arising out of or relating to this Agreement (including any breach thereof) or the Service . . . . " (Badeen Decl., ¶ 5 and Ex. 1 at ¶ 19.)

as a private injunction. *See, e.g., Croucier v. Credit One Bank, N.A.*, 2018 WL 2836889 (S.D. Cal. June 11, 2018).

### 2. The Arbitration Agreement Does Not Bar Claims for Injunctive Relief, Public or Otherwise.

Plaintiff argues that the parties' arbitration agreement is unenforceable, in whole or in part, because it would preclude her from seeking a public injunction. The Court disagrees. Plaintiff is free to pursue her claim for UCL injunctive relief -- whether it qualifies as public or private -- in arbitration.

The arbitration agreement here, unlike in *McGill*, does not deprive Plaintiff of any statutory remedy. Tinder's agreement states that an arbitrator may award *any* relief available in a court of law -- including a public injunction. (*See* Badeen Decl., Ex. 1, § 18.b; Ex. 2 § 19 ("The arbitrator can grant any relief that a court can . . .").) The fact that Plaintiff may not seek a public injunction (or any other relief) as part of a class or representative action is irrelevant.

### 3. The So-Called *Broughton-Cruz* Rule Is Invalid.

Plaintiff argues she cannot be compelled to seek public injunctive relief in arbitration because the so-called *Broughton-Cruz* rule entitles her to seek such relief in a court of law.[3] However, the *Broughton-Cruz* rule was rendered invalid by the U.S. Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011), which held that a state-law rule that specifically restricts the scope of arbitration agreements is preempted by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"). *See Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928, 937 (9th Cir. 2013) ("We therefore hold that the FAA preempts the *Broughton–Cruz* rule."); *Nelsen v. Legacy Partners Residential, Inc.*, 207 Cal. App. 4th 1115, 1136 (2012), *as modified on denial of reh'g* (Aug. 14, 2012).

---

[3] *Broughton* refers to *Broughton v. Cigna Healthplans of Calif.*, 21 Cal. 4th 1066 (1999), and *Cruz* refers to *Cruz v. PacifiCare Health Sys., Inc.*, 30 Cal. 4th 303 (2003).

6 STATEMENT OF DECISION

IV. **CONCLUSION**

For all the foregoing reasons, the Court **GRANTS** Tinder's Motion and orders the parties to arbitration.[4] The Court also **STAYS** this action pending the outcome of the arbitration. The parties shall file a joint status report with the Court every 120 days regarding the status of the arbitration, with the first joint status report to be filed on November 8, 2018. The Scheduling Conference set for July 23, 2018, at 1:15 p.m. is **VACATED**.

IT IS SO ORDERED.

Dated: July 12, 2018

Honorable John F. Walter
United States District Court Judge

---

[4] Because the Court has ordered the parties to arbitration, the Court need not address the issue of a stay under *Colorado River* abstention.

7  STATEMENT OF DECISION

# PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, above-entitled cause. On August 30, 2021, I electronically filed with the Court through its CM/ECF program and served a true copy through the same program the following documents: Notice of Appeal on interested parties in said case as follows:

**Attorneys for Defendants Tinder and Match Group, LLC:**

Alexandra Hill
ahill@manatt.com
Donald R. Brown
dbrown@manatt.com
Misa Kanik Eiritz
meiritz@manatt.com
Robert H. Platt
rplatt@manatt.com
Manatt Phelps and Phillips LLP
2049 Century Park East Suite 1700
Los Angeles, CA 90067

**Attorney for Objector Allan Candelore:**

Danielle Evelyn Leonard
Altshuler Berzon LLP
177 Post Street Suite 300
San Francisco, CA 94108
dleonard@altber.com

**Attorneys for Objectors Rich Allison and Steve Frye:**

Alfred G Rava
Rava Law Firm
3667 Voltaire Street
San Diego, CA 92106
alrava@cox.net

Danielle Evelyn Leonard
(See above for address)

Kimberly A Kralowec
Kralowec Law, P.C.
750 Battery Street Suite 700
San Francisco, CA 94111
kkralowec@kraloweclaw.com

**Attorneys for Objectors Jay Rodriguez, Sabrina Johnson, Luis Pena, and Richard Mojica**

Andrew Pearce Wheeler-Berliner
Davis and Norris LLP
2154 Highland Avenue
Birmingham, AL 35205
andrew@davisnorris.com

Brittany G McClintick
227 S Madison Ave, PH 5
Pasadena, CA 91101
310-562-7889
brit.mcclintick@gmail.com

[x] ELECTRONICALLY, Pursuant to the CM/ECF system, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an email notification of the filing to the parties and counsel of record listed above who are registered with the Court's CM/ECF system.

Place of Filing: 21550 Oxnard St., Suite 780, Woodland Hills, CA 91367.

Executed on August 30, 2021, at Woodland Hills, CA

[x] I hereby certify under the penalty of perjury that the foregoing is true and correct.

By: s/ Todd M. Friedman
        Todd M. Friedman