Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21031 Ventura Blvd, #340
Woodland Hills, CA 91364
Telephone: (877) 619-8966
Facsimile: (866) 633-0028
tfriedman@toddflaw.com
abacon@toddflaw.com

John P. Kristensen (SBN 224132)
**KRISTENSEN, LLP**
12450 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone:  310-507-7924
Fax:  310-507-7906
john@kristensenlaw.com

*Attorneys for Plaintiff and all others similarly situated*

# THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LISA KIM, individually on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> TINDER, INC., a Delaware corporation; MATCH GROUP, LLC, a Delaware limited liability company; MATCH GROUP, INC., a Delaware corporation; and DOES 1 through 10, inclusive, and each of them, <br><br> Defendants. | Case No.: 2:18-cv-3093- JFW-AS <br><br> **PLAINTIFF LISA KIM'S OPPOSITION TO EX PARTE APPLICATION OF PROPOSED INTERVENORS** <br><br> Courtroom:   7A <br> Hon. John F. Walter |

# MEMORANDUM OF POINTS & AUTHORITIES

To suggest that Proposed Intervenors' Ex Parte Application is procedurally flawed would be an understatement.

First, this is not an emergency. As this Court's standing order specifies: "Ex parte applications are solely for extraordinary relief. See Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488 (C.D. Cal. 1995)." Dkt. No. 14 Pg. 11. "Ex parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason." Such applications allow the applicant to jump "ahead of the pack" and "cut in line ahead of those litigants awaiting determination of their properly noticed and timely filed motions." *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989).

As Plaintiff pointed out during Mr. Candelore's prior objection to preliminary approval, and the Court previously agreed, there is no need for intervention at this time.[1] Class action procedure already protects absent class members such as the Proposed Intervenors, through the notice and opt out process afforded under F.R.C.P. 23. A wealth of case law holds that Intervenor's Motion is moot because the Settlement has already been consummated,[2] and that the

---

[1] It is worth noting that Proposed Intervenors are represented by sophisticated counsel who could have initiated a meet and confer to intervene at any time between August 17, 2021 and present but chose to wait six weeks, i.e. until preliminary approval had been filed to do so. The reason is clear – they wanted Kim to negotiate a favorable class settlement that they could inject themselves into, because they had no ability to do so on their own, through litigation or negotiation efforts. The fact that Mr. Candelore has now signed an arbitration agreement speaks volumes about Proposed Intervenors' motives and goals.

[2] Courts in this Circuit have concluded that motions to intervene are not timely after the parties to a case have reached a settlement agreement. *Orange County v. Air California*, 799 F.2d 535, 538 (9th Cir. 1986); *California Dept. of Toxic Substances Control v. Commercial Realty Projects, Inc.,* 309 F.3d 1113, 1119 (9th Cir. 2002)

anticipated objection which they will file thereafter is premature because the appropriate time for commentary from absent class members is after preliminary approval.³ It is for this reason that the Court previously noted the prematurity of such objections in its prior Preliminary Approval Order. See Dkt. No. 60 Pg. 1 fn. 1. The same result should happen again. Thus, there is nothing to be gained but a waste of party and judicial resources in granting an ex parte to continue a hearing solely to permit a non-party to file a motion that is going to be denied anyways, and which was previously denied on the same grounds. Intervenors will have an opportunity to voice any concerns they have at the appropriate juncture.

Second, Proposed Intervenors have filed an ex parte application, asking for affirmative relief from the Court, that will prejudice the parties and the Class Members, through unnecessary delays, in a case in which they have yet to have been granted leave to intervene. A non-party is not in a procedural position to ask for relief in a pending action. They must first be granted standing to do so. Proposed Intervenors have cited no authority suggesting they can jump the line,

---

("intervention…would complicate the issues and upset the delicate balance achieved by the [settlement]"); *United States v. State of Washington*, 86 F.3d 1499, 1504 (9th Cir. 1996) ("[I]ntervention would complicate the issues and prolong the litigation. [Denying intervention] was not an abuse of discretion"); *Allen v. Bedolla*, 787 F.3d 1218-1222 (9th Cir. 2015) (affirming denial of intervention due to concerns regarding "potentially derailing settlement talks, and especially where Objectors' concerns could largely be addressed through the normal objection process."); *Orange Cnty. v. Air Cal.*, 799 F.2d 535, 537–38 (9th Cir.1986) (same).
³ Under Rule 23 procedure, there is no impairment of interests by denying intervention. *Allen v. Bedolla*, 787 F.3d 1218, 1122 (9th Cir. 2015); *Raquedan v. Centerplate of Delaware Inc.*, 376 F.Supp.3d 1038, 1041-42 (N.D. Cal. 2019) (Judge Koh observed no impairment of interest by an intervening class member at preliminary approval who still had the ability to opt out or object to a settlement through the normal course of Rule 23 procedure.) There are literally dozens of California District Court cases and several Ninth Circuit decisions that agree. The case law supporting rejection of intervention at this juncture is overwhelming.

simply because they have invented a non-emergency reason to do so. Intervention must come before an ex parte application. They have put the cart before the horse.

Third, The Ninth Circuit's Order is silent as to the two issues that appear to lie at the heart of Proposed Intervenors' anticipated objection – 1) that Candelore was not invited to the negotiations; and 2) that Kim is inadequate. These arguments were raised in the appeal, yet were not part of the Ninth Circuit's Order. Presumably that is because the Ninth Circuit found them unpersuasive and irrelevant (which they are). Thus, granting an ex parte, for the purposes of entertaining a motion to intervene which will be denied, but which otherwise would permit an objection that itself will also be denied, seems an even further waste of party and judicial resources.

Fourth, the terms of the Settlement between Kim and Defendants is hardly concerning on its face. It is a common fund class action settlement with additional non-reversionary universal benefits, an injunction halting the unlawful practice, and no agreement on attorneys' fees and costs. None of the concerns raised by the Ninth Circuit are present in the agreement, and none of the *Bluetooth* factors raise red flags as to any indicia of collusion. Intervenors raise no concerns in their papers.

Fifth, Intervenors expressed to undersigned counsel that they were going to object to the terms of the Settlement before even knowing the terms. This speaks further as to an improper purpose on their behalf that has little to do with legitimate concerns about the Class Members.

There is no compelling reason provided by Proposed Intervenors as to why whatever concerns they still harbor, legitimate or otherwise, cannot be addressed in the normal course of Federal Rule 23 procedure. They can be. Great deals of time and resources could be spared if the Court denies Proposed Intervenors' Application.

Dated:  October 7, 2021 Respectfully submitted,

By: */s/ Todd M. Friedman*
Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C**.

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business Address is 21550 Oxnard St., Suite 780, Woodland Hills, CA 91367.

On October 7, 2021, I served the following document(s) described as: **OPPOSITION TO EX PARTE APPLICATION**, on all interested parties in this action by placing:

[X] a true copy
[ ] the original thereof enclosed in sealed envelope(s) addressed to all counsel of record

[X] **BY CM/ECF:** I transmitted the document(s) listed above electronically to the e-mail addresses of counsel for the Parties as well as third parties Candelore Allison and Frye. I am readily familiar with the Court's CM/ECF system and the transmission was reported as complete, without error.

[X] STATE – I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 7, 2021, at Woodland Hills, California.

By: /s/ Todd M. Friedman

Todd M. Friedman

**PROOF OF SERVICE**