NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA KIM, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>TINDER, INC., a Delaware corporation; MATCH GROUP, LLC, a Delaware limited liability company; MATCH GROUP, INC., a Delaware corporation,<br><br>　　　　　　　Defendants. | Case No. CV 18-03093 JFW (ASx)<br><br>Hon. John F. Walter<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF REVISED CLASS ACTION SETTLEMENT** |

Plaintiff Lisa Kim ("Plaintiff") has moved the Court for preliminary approval of a proposed class action settlement, the terms and conditions of which are set forth in the Amended Class Action Settlement Agreement filed with the Court on October 4, 2021 ("Amended Settlement Agreement").

Having considered all matters submitted to it, including the complete record of this action, and good cause appearing therefor, the Court hereby finds and concludes as follows:

　　　　1.　　The capitalized terms used in this Order shall have the same meaning as defined in the Amended Settlement Agreement except as otherwise expressly provided.

2. The Court preliminarily approves the revised settlement provided for in the Amended Settlement Agreement as potentially warranting final approval, and as meriting submission to the Settlement Class for its consideration.

3. For purposes of potential approval of the revised settlement only, the Court certifies the Settlement Class, which consists of every person in California who subscribed to Tinder Plus or Tinder Gold during the period between March 2, 2015 and March 1, 2019 and at the time of the subscription was at least 29 years old and was charged a higher rate than younger subscribers, except those who timely opt out of the Settlement Class.

4. The Court preliminarily finds, solely for purposes of considering the revised settlement, that the requirements of Federal Rule of Civil Procedure 23 are conditionally satisfied, including that the Settlement Class Members are too numerous to be joined in a single action; that common issues of law and fact exist and predominate; that the claims of the Class Representative are typical of the claims of the Settlement Class Members; that the Class Representative and Class Counsel can adequately protect the interests of the Settlement Class Members; and that class treatment is superior to alternative means of resolving the claims and disputes at issue in this Litigation, as set forth in greater detail in the Court's Minute Order, dated November 3, 2021, which is incorporated by reference herein.

5. The Court conditionally designates Law Offices of Todd M. Friedman, P.C., and Kristensen, LLP as class counsel ("Class Counsel") and Plaintiff as Class Representative for purposes of considering the revised settlement. The Court preliminarily finds that the Class Representative and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members. The Court designates and approves Epiq to continue to serve as Settlement Administrator.

6. Not later than December 13, 2021, Plaintiff and Class Counsel may make a written application to the Court for an award of attorneys' fees, costs, and expenses and an incentive award to Plaintiff.

7. A Final Approval hearing shall be held before this Court at 1:30 p.m. on January 10, 2022, at the United States District Court for the Central District of California, to address: (a) whether the proposed revised settlement should be finally approved as fair, reasonable and adequate, and the Final Approval order should be entered, and (b) whether the application for attorneys' fees, costs, and expenses and incentive award to Plaintiff should be approved

8. The Court approves, as to form and content, the Notice (with the revisions required by the Court in its November 3, 2021 Minute Order) and the Claim Form attached as Exhibits 2 and 3 to the Amended Settlement Agreement. The Parties shall have discretion to jointly make non-material minor revisions to the form of notice before dissemination. Duties regarding settlement and claim administration, including, but not limited to, notice and related procedures, shall be performed by the Settlement Administrator, subject to the oversight of the Parties and the Court as described in the Amended Settlement Agreement.

9. A Settlement Website shall be operative no later than the Notice Date. The Settlement Website shall contain downloadable copies of this Preliminary Approval Order and the motion papers submitted in support thereof, the Notice, the Amended Settlement Agreement, the Claim Form, and, when filed, the application for attorneys' fees, costs, and expenses and incentive award to Plaintiff.

10. By November 15, 2021, the Settlement Administrator shall send the Notice by email to the Settlement Class Members. Notice shall also be posted on the Settlement Website. Any additional Notice that the Parties might agree to shall be sent accordingly.

11. The Court finds that the Parties' plan for providing notice to the Settlement Class as set forth in Part IV of the Amended Settlement Agreement (the

"Notice Plan") will provide the best practicable notice in the circumstances, is reasonably calculated to provide notice to the Settlement Class of the pendency of the Litigation, the certification of the Settlement Class, the terms of the Amended Settlement Agreement, and the Final Approval hearing, and complies fully with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law.

12. Any Settlement Class Member who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Amended Settlement Agreement, must, by December 15, 2021, submit, pursuant to the instructions set forth in the Notice and on the Settlement Website, a timely and valid written request for exclusion, postmarked no later than December 16, 2021. No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization that predates receipt of the Notice, and no one may exclude other persons within the Settlement Class as a group, class, or in the aggregate.

13. At least 14 days prior to the hearing on Final Approval, the Parties shall prepare a list of the names of the persons who, pursuant to the procedures described in the Amended Settlement Agreement, have excluded themselves from the Settlement Class in a valid and timely manner, and shall file that list with the Court. The Court retains jurisdiction to resolve any disputed exclusion requests.

14. Any member of the Settlement Class who elects to be excluded shall not receive any benefits of the Amended Settlement, shall not be bound by the terms of the Amended Settlement Agreement, and shall have no standing to object to the revised settlement or intervene in the Litigation.

15. Any Settlement Class Member who does not submit a valid and timely request for exclusion may object to the Amended Settlement Agreement. Any such Settlement Class Member shall have the right to appear and be heard at the Final

Approval hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. Any such Settlement Class Member must file with the Court and serve upon Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth in the Notice a written objection to the revised settlement ("Objection"). The Objection must satisfy the requirements set forth in Section 4.7 of the Amended Settlement Agreement and must be filed and served no later than December 15, 2021. Any Settlement Class Member who does not submit a timely Objection in accordance with the Amended Settlement Agreement and as set forth herein shall not be considered to have filed a valid objection to the revised settlement.

16. Any Settlement Class Member who wishes to appear at the Final Approval hearing must file a notice of his or her intention to do so with the Court and contemporaneously serve it upon Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth in the Notice no later than December 15, 2021.

17. The Parties shall file their motions for Final Approval no later than December 13, 2021, and their reply in support of that motion and responses to any objections and requests to intervene no later than December 27, 2021.

18. In the event that the proposed revised settlement is not finally approved by the Court, or in the event that the Amended Settlement Agreement becomes null and void pursuant to its terms, this Preliminary Approval order and all orders entered in connection herewith shall become null and void, shall be of no further force or effect, and shall not be used or referred to for any purposes whatsoever in this Litigation or in any other case or controversy; in such event, the Amended Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Amended Settlement Agreement.

19. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members. The Final

Approval hearing may, from time to time and without further notice to the Settlement Class Members, be continued by order of the Court.

IT IS SO ORDERED this 3nd day of November 2021.

_____
HON. JOHN F. WALTER
UNITED STATES DISTRICT JUDGE